David A. Schrader (Atty No. 039381988)
PAYKIN KRIEG & ADAMS, LLP
2500 Westchester Ave., Ste 107
Purchase, New York 10577
(347) 879-2345
Attorneys for Defendant ThinkEquity LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| RONALD H. KARP, Individually and On Behalf of All Others Similarly Situated | : : : | |
| | : | Civil Action 22-6690 |
| Plaintiff, | : : | |
| v. | : : | |
| KIROMIC BIOPHARMA, INC., MAURIZIO CHIRIVA-INTERNATI, TONY TONTAT, GIANLUCA ROTINO, PIETRO BERSANI, AMERICO CICCHETTI, MICHAEL NAGEL, JERRY SCHNEIDER and THINKEQUITY LLC | : : : : : : : | |
| | : | **ANSWER** |
| Defendants. | : : | |

---

Defendant ThnkEquity LLC, by and through its undersigned counsel, by way of answer to the Complaint, states as follows:

1.      Denies the allegations of Paragraph 1 of the Complaint except admits plaintiff has characterized the nature of its Complaint and respectfully refers the Court to the Complaint for the specifics thereof.

2.      Admits the allegations of Paragraph 2 of the Complaint.

3.      Denies the allegations of Paragraph 3 of the Complaint except admits plaintiff has characterized the nature of its Complaint and respectfully refers the Court to the Complaint for the specifics thereof.

4.      Denies the allegations of paragraph 4 of the Complaint and respectfully refers the Court to the Offering Documents for the Company's full representations on its products, drug approval application status and market positioning; Defendant ThinkEquity further states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations regarding plaintiff's purchase of Kiromic stock or the purchase price obtained by plaintiff.

5.      Denies the allegations of Paragraph 5 of the Complaint in that they constitute legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for the applicable law and regulations.  Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

6.      Denies the allegations of paragraph 6 of the Complaint and respectfully refers the Court to the Offering Documents for the Company's statements therein.

7.      Denies the allegations of paragraph 7 of the Complaint and respectfully refers the Court to the Offering Documents for the Company's statements therein.  Additionally, Defendant ThinkEquity further states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations regarding the Company's communications received from the FDA on these specific dates.

8.      Denies the allegations of paragraph 8 of the Complaint and respectfully refers the Court to the Offering Documents for the Company's statements therein.

9.      Denies the allegations of paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint sets forth legal contentions to which no response is required.  To the extent any response is required, Denies the allegations of Paragraph 10 and

respectfully refers the Court to the applicable law. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.

11. Paragraph 11 of the Complaint sets forth legal contentions to which no response is required. To the extent any response is required, Denies the allegations of Paragraph 11 and respectfully refers the Court to the applicable law. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.

12. Paragraph 10 of the Complaint sets forth legal contentions to which no response is required. To the extent any response is required, Denies the allegations of Paragraph 12 and respectfully refers the Court to the applicable law. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.

13. Paragraph 10 of the Complaint sets forth legal contentions to which no response is required. To the extent any response is required, Denies the allegations of Paragraph 13 and respectfully refers the Court to the applicable law. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.

14. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 14 of the Complaint.

15. Admits the allegations of Paragraph 15 of the Complaint.

16. Admits the allegations of Paragraph 16 of the Complaint except states that the date of August 21, 2021 referenced in this paragraph is inaccurate.

17. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 17 of the Complaint and respectfully refers the Court to the Registration Statement and Company Documents for the information set forth in this paragraph.

18.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 18 of the Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

19.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 19 of the Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

20.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 20 of the Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

21.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 21 of the Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

22.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 22 of the Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

23.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 23 of the Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

24.    As to paragraph 24 of the Complaint, admits that plaintiff has defined these individuals as the "Individual Defendants" in the Complaint.

25.    As to paragraph 25 of the Complaint, admits that plaintiff has defined the word "Defendants" in the Complaint.

4

26.     Paragraph 26 of the Complaint sets forth legal contentions to which no response is required.  With regard to the balance of paragraph, Denies the allegations of Paragraph 26 except admits plaintiff has characterized the nature of its Complaint and respectfully refers the Court to the Complaint for the specifics thereof.  Defendant denies that any proper class exists or the alleged scope of the Class.

27.     Denies the allegations of Paragraph 27 of the Complaint.

28.     Denies the allegations of Paragraph 28 of the Complaint.

29.     Denies the allegations of Paragraph 29 of the Complaint.

30.     Denies the allegations of Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint sets forth legal contentions to which no response is required.  With regard to the balance of paragraph, Denies the allegations of Paragraph 31.

32.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 32 of the Complaint.

33.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 33 of the Complaint and respectfully refers the Court to the Offering Documents for the Company's representations contained therein.

34.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 34 of the Complaint and respectfully refers the Court to the Offering Documents for the Company's representations contained therein.

35.     Denies the allegations of Paragraph 35 of the Complaint in that they constitute legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for the applicable law and regulations.  As to allegations relating to the

Offering Documents content, defendant ThinkEquity denies the allegations and respectfully refers the Court to the Offering Documents for their full and complete content.

36.    Denies the allegations of Paragraph 35 of the Complaint in that they constitute legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for the applicable law and regulations.

37.    Denies the allegations of Paragraph 37 of the Complaint as to the content of the Offering Documents and respectfully refers the Court to the Offering Documents for their full and complete content.  Defendant ThinkEquity further states that allegations of Paragraph 37 contain legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for their content.

38.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 38 of the Complaint and respectfully refers the Court to the Offering Documents for the Company's representations contained therein.

39.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 39 of the Complaint and respectfully refers the Court to the Offering Documents for the Company's representations contained therein.

40.    Denies the allegations of Paragraph 40 of the Complaint in that they constitute legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for the applicable law and regulations.

41.    Denies the allegations of Paragraph 41 of the Complaint and respectfully refers the Court to the Offering Documents for the full content thereof

42.    Denies the allegations of Paragraph 42 of the Complaint and respectfully refers the

Court to the Offering Documents for the full content thereof.

43.     Denies the allegations of Paragraph 43 of the Complaint and respectfully refers the Court to the Offering Documents for the full content thereof.

44.     Denies the allegations of Paragraph 44 of the Complaint and respectfully refers the Court to the Offering Documents for the full content thereof.

45.     Denies the allegations of Paragraph 45 of the Complaint.

46.     Denies the allegations of Paragraph 46 of the Complaint and respectfully refers the Court to the Press Release and Offering Documents for the full content thereof.  Notwithstanding, Admits that the Public Offering closed on or about July 2, 2021 and that the offering resulted in the sale of 8 million shares of Kiromic common stock at a price of $5/share for gross proceeds of $40 million.

47.     Denies the allegations of Paragraph 47 of the Complaint and respectfully refers the Court to the Offering Documents for the full content thereof.  Notwithstanding, Admits that ThinkEquty acted as underwriter on a firm commitment basis.

48.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 48 of the Complaint and respectfully refers the Court to the Offering Documents and other Company Documents for the content thereof.

49.     Admits the allegations of paragraph 49 of the Complaint.

50.     Denies the allegations of paragraph 50 of the Complaint.

51.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 51 of the Complaint and respectfully refers the Court to the Offering Documents for the content thereof.

52. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 52 of the Complaint except admits that ThinkEquity was not informed that of any clinical hold on any Kiromic product until after the Offering closed.

53. Denies the allegations of paragraph 53 of the Complaint.

54. Denies the allegations of paragraph 54 of the Complaint

55. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 55 of the Complaint and respectfully refers the Court to the Offering Documents for the content thereof.

56. Denies the allegations of paragraph 56 of the Complaint.

57. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 57 of the Complaint and respectfully refers the Court to the Offering Documents for the content thereof.

58. Denies the allegations of paragraph 58 of the Complaint.

59. Denies the allegations of paragraph 59 of the Complaint.

60. Denies the allegations of paragraph 60 of the Complaint.

61. Denies the allegations of paragraph 61 of the Complaint.

62. Denies the allegations of paragraph 62 of the Complaint and respectfully refers the Court to the Offering Documents for the content thereof and the actual disclosures made, including risk factors contained in the Offering Documents..

63. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 63 of the Complaint and respectfully refers the Court to the referenced Company Press for the content thereof.

64.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 64 of the Complaint and respectfully refers the Court to the referenced Company Press for the content thereof.

65.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 65 of the Complaint.

66.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 66 of the Complaint and respectfully refers the Court to any written notice received for the full and complete content thereof.

67.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 67 of the Complaint

## FIRST CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

68.     In response to paragraph 68, Defendant ThinkEquity repeates and realleges its prior responses as set forth above.

69/     Denies the allegations of paragraph 69 of the Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.

70.     Denies the allegations of paragraph 70 of the Complaint.

71.     Denies the allegations of paragraph 71 of the Complaint except admits that Kiromic was the issuer for the Offering.

72.     Denies the allegations of paragraph 72 of the Complaint in that it sets forth a legal contention.

73.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 73 of the Complaint

74.     Denies the allegations of paragraph 74 of the Complaint.

75.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 75 of the Complaint

76.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 76 of the Complaint except admits that the price of the stock of the Company has fluctuated since the Offering.

77.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 77 of the Complaint.

## SECOND CLAIM

78.     In response to paragraph 78, Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

79/     Denies the allegations of paragraph 69 of the Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.  Defendant respectfully refers the Court to the Complaint for the content thereof.

80.     Denies the allegations of paragraph 80 of the Complaint.

81.     Denies the allegations of paragraph 81 of the Complaint except admits that ThinkEquity was the underwriter of the Offering.

82.     Denies the allegations of paragraph 82 of the Complaint.

83.     Denies the allegations of paragraph 83 of the Complaint.

84.     Defendant ThinkEquity is without sufficient knowledge or information upon which

to form a belief as to paragraph 84 of the Complaint

85.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 85 of the Complaint except admits that the price of the stock of the Company has fluctuated since the Offering.

86.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 86 of the Complaint.

## THIRD CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

87.     Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

88/     Denies the allegations of paragraph 88 of the Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.

89.     Denies the allegations of paragraph 89 of the Complaint.

90.     Denies the allegations of paragraph 90 of the Complaint except admits that Offering Documents are required pursuant to a public offering.

91.     Denies the allegations of paragraph 91 of the Complaint.

92.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 92 of the Complaint.

93.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 93 of the Complaint

94.     Denies the allegations of paragraph 94 of the Complaint.

95.     Defendant ThinkEquity is without sufficient knowledge or information upon which

to form a belief as to paragraph 95 of the Complaint

## FOURTH CLAIM

96.    In response to paragraph 96, Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

97/    Denies the allegations of paragraph 97 of the Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.  Defendant respectfully refers the Court to the Complaint for the content thereof.

98.    Denies the allegations of paragraph 98 of the Complaint.

99.    Denies the allegations of paragraph 99 of the Complaint except admits that Offering Documents are required in connection with a public offering.

100.    Denies the allegations of paragraph 100 of the Complaint.

101.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 101 of the Complaint.

102.    Denies the allegations of paragraph 102 of the Complaint.

103.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 103 of the Complaint.

## FIFTH CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

104.    Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

105.    Denies the allegations of paragraph 105 of the Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.

106.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 106 of the Complaint which purports certain legal consequences of the positions of various individual defendants with the Company.

107.    Denies the allegations of paragraph 107 of the Complaint and respectfully refers the Court to the  Offering Documents for the contents thereof.

108.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 108 of the Complaint which purports certain legal consequences of the positions of various individual defendants with the Company.

## SIXTH CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

109.    In response to paragraph 109, Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

110    Denies the allegations of paragraph 110 of the Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.  Defendant respectfully refers the Court to the Complaint for the content thereof.

111.    Denies the allegations of paragraph 111 of the Complaint.

112.    Denies the allegations of paragraph 112 of the Complaint except admits that the named defendants participated in the preparation and issuance of the Offering Documents.

113.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 113 of the Complaint.

114.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 114 of the Complaint.

115.    Denies the allegations of paragraph 115 of the Complaint except admits that the the Individual Defendants controlled the content of the statements of the Company.

116.    Denies the allegations of paragraph 116 of the Complaint except admit that the Company's securities traded on a public market after the Offering.

117.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 117 of the Complaint.

## SEVENTH CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

118.    In response to paragraph 118, Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

119    Denies the allegations of paragraph 119 of the Complaint except Admits that Chiriva-Internati participated in management of the Company.

120.    Paragraph 120 of the Complaint in that they assert legal conclusions to which no response is required.

121.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 121 of the Complaint.

122.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 122 of the Complaint.

123.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 123 of the Complaint.

### First Affirmative Defense

The Complaint fails to state a cause of action for which relief may be granted.

### Second Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Third Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief may be granted.  Plaintiff has not alleged facts sufficient to support a claim that any representation or omission by Defendants was materially misleading.

### Fourth Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 9(b), the Complaint fails to plead fraud with the requisite degree of particularity against Defendants.  Allegations of securities fraud must satisfy Federal Rule of Civil Procedure 9(b), which requires Plaintiffs to "aver with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages were not legally or proximately caused by any acts or omissions by Defendants.

### Sixth Affirmative Defense

Plaintiffs' claims cannot be maintained because Defendants accurately disclosed all information required of them by law.

### Sixth Affirmative Defense

Any failure of disclosure was not due to acts of Defendant ThinkEquity but rather of the other defendants.  ThinkEquity performed adequate due diligence and could not have discovered any omission relating to any Hold by the FDA since (a) it was not public record; (b) was solely within the knowledge of the Company; and (c) it had not been disclosed to ThinkEquity by the Company either through negligence or intentional concealment.

### Seventh Affirmative Defense

The Complaint should be dismissed for lack of subject matter jurisdiction.

### Eighth Affirmative Defense

To the extent Plaintiffs fail to demonstrate that every putative class member relied on Defendants' representations, any finding of liability on a class-wide basis would violate Defendants' rights

### Ninth Affirmative Defense

To the extent Plaintiff fail to demonstrate that every putative class member sustained cognizable damages as a result of Defendants' actions, any finding of liability on a class-wide basis should be denied.

### Tenth Affirmative Defense

Plaintiff has failed to satisfy the necessary requirements to establish a class and/or the class alleged is inadequate, including but not limited to that (a) individual issues predominate over class issues; (b) the class representative is inadequate; (c) the class counsel is inadequate; (d) there is inadequate commonality of facts.

**Eleventh Affirmative Defense**

ThinkEquity relies upon all defenses asserted by the other defendants, including any asserted on their motion to dismiss or in their answer.

**RESERVATION OF DEFENSES**

Defendants expressly reserve the right to amend and/or add additional affirmative defenses as facts are developed through discovery and investigation continues, and/or to withdraw any of these defenses.

**DEMAND FOR TRIAL BY JURY**

Defendants hereby demand a trial by jury as to all issues so triable.

WHEREFORE, Complaint defendant demands judgment dismissing the Complaints with prejudice and awarding Complaint defendant costs, attorneys' fees, relief on its Complaint, and such other and further relief as the Court deems appropriate.

PAYKIN KRIEG & ADAMS, LLP
Attorneys for Defendant ThinkEquity LLC


By:_____
DAVID A. SCHRADER
2500 Westchester Ave., Ste 10710 Grand Central
Purchase, New York 10577
(347) 879-2345

DATED: September 16, 2021

17