David A. Schrader (Atty No. 039381988)
PAYKIN KRIEG & ADAMS, LLP
2500 Westchester Ave., Ste 107
Purchase, New York 10577
(347) 879-2345
Attorneys for Defendant ThinkEquity LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————
IN RE: KIROMIC BIOPHARMA, INC.    :        Civil Action 1:22-cv-6690 (VM)
SECURITIES LITIGATION           :
———————————————————                        :

**ANSWER TO CONSOLIDATED COMPLAINT**

Defendant ThnkEquity LLC, by and through its undersigned counsel, by way of answer to the Consolidated Complaint, states as follows:

1. Denies the allegations of Paragraph 1 of the Consolidated Complaint except admits plaintiff has characterized the nature of its Consolidated Complaint and respectfully refers the Court to the Consolidated Complaint for the specifics thereof.

2. Denies knowledge or information sufficient to form a belief as to the details of the allegations of Paragraph 2 of the Consolidated Complaint except admits that Kiromic is a biopharmaceutical company that develops immunotherapy products.

3. Admit the allegations of Paragraph 3 of the Consolidated Complaint.

4. Denies the allegations of Paragraph 4 of the Consolidated Complaint except admits plaintiff has characterized the nature of its Consolidated Complaint and respectfully refers the Court to the Consolidated Complaint for the specifics thereof.

5. Denies the allegations of paragraph 5 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the Company's full representations on its products, drug approval application status and market positioning; Defendant ThinkEquity

further states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations regarding plaintiff's purchase of Kiromic stock or the purchase price obtained by plaintiff.

6.    Denies the allegations of Paragraph 6 of the Consolidated Complaint in that they constitute legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for the applicable law and regulations.  Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

7.    Denies the allegations of Paragraph 7 of the Consolidated Complaint in that they constitute legal contentions as to the FDA manufacturing process and respectfully refers the Court to the applicable law and regulations.  Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

8.    Denies the allegations of paragraph 8 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the Company's statements therein.

9.    Denies the allegations of paragraph 9 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the Company's statements therein. Additionally, Defendant ThinkEquity further states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations regarding the Company's communications received from the FDA on these specific dates.

10.    Defendant ThinkEquity denies the allegations of paragraph 10 of the Consolidated Complaint except states that it is without sufficient knowledge or information upon which to form a belief as to the allegations regarding the content of the Company's press release or the exact timing of the change of the Company's stock price.  The Court is further respectfully referred to the

referenced Company Press for the content thereof.

11.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 11 of the Consolidated Complaint and respectfully refers the Court to the finding of the Special Committee and any Company records regarding the resignation of Tontat.

12.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 12 of the Consolidated Complaint and respectfully refers the Court to the Company's records and any public disclosures made by the Company.

13.     Denies the allegations of paragraph 13 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the Company's statements therein.

14.     Denies the allegations of paragraph 14 of the Consolidated Complaint.

## JURISDICTION AND VENUE

15.     Paragraph 15 of the Consolidated Complaint sets forth legal contentions to which no response is required.  To the extent any response is required, Denies the allegations of Paragraph 15 and respectfully refers the Court to the applicable law.  Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.

16.     Paragraph 16 of the Consolidated Complaint sets forth legal contentions to which no response is required.  To the extent any response is required, Denies the allegations of Paragraph 16 and respectfully refers the Court to the applicable law.  Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.

17.     Paragraph 17 of the Consolidated Complaint sets forth legal contentions to which no response is required.  To the extent any response is required, Denies the allegations of Paragraph 17

and respectfully refers the Court to the applicable law.  Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.

18.    Paragraph 18 of the Consolidated Complaint sets forth legal contentions to which no response is required.  To the extent any response is required, Denies the allegations of Paragraph 18 and respectfully refers the Court to the applicable law.  Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.  Think Equity denies knowledge or information sufficient to form a belief as to those aspects of the paragraph which address the location of Kiromic investors.

19.    Paragraph 19 of the Consolidated Complaint sets forth legal contentions to which no response is required.  To the extent any response is required, Denies the allegations of Paragraph 19 and respectfully refers the Court to the applicable law.  Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time, if so required.

**PARTIES**

20.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 20 of the Consolidated Complaint.

21.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 21 of the Consolidated Complaint.

22.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 22 of the Consolidated Complaint.

23.    Admits the allegations of Paragraph 23 of the Consolidated Complaint.

24.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 24 of the Consolidated Complaint and respectfully refers the Court

to the Registration Statement and other Company documents for the information set forth in this paragraph.

25. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 25 of the Consolidated Complaint and respectfully refers the Court to the Registration Statement and other Company documents for the information set forth in this paragraph.

26. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 26 of the Consolidated Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

27. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 27 of the Consolidated Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

28. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 28 of the Consolidated Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

29. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 29 of the Consolidated Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

30. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 30 of the Consolidated Complaint and respectfully refers the Court to the Registration Statement for the information set forth in this paragraph.

31. As to paragraph 31 of the Consolidated Complaint, admits that plaintiff has defined

these individuals as the "Individual Defendants" in the Consolidated Complaint.

32.     Admits the allegations of Paragraph 32 of the Consolidated Complaint except states that the date of August 21, 2021 referenced in this paragraph is inaccurate.

33.     As to paragraph 33 of the Consolidated Complaint, admits that plaintiff has defined the word "Defendants" in the Consolidated Complaint.

**CLASS ACTION ALLEGATIONS**

34.     Paragraph 34 of the Consolidated Complaint sets forth legal contentions to which no response is required.  With regard to the balance of paragraph, denies the allegations of Paragraph 34 except admits plaintiff has characterized the nature of its Consolidated Complaint and respectfully refers the Court to the Consolidated Complaint for the specifics thereof.  Defendant denies that any proper class exists or the alleged scope of the Class.

35.     Denies the allegations of Paragraph 35 of the Consolidated Complaint.

36.     Denies the allegations of Paragraph 36 of the Consolidated Complaint.

37.     Denies the allegations of Paragraph 37 of the Consolidated Complaint.

38.     Denies the allegations of Paragraph 38 of the Consolidated Complaint.

39.     Paragraph 39 of the Consolidated Complaint sets forth legal contentions to which no response is required.  With regard to the balance of paragraph, Denies the allegations of Paragraph 39.

**BACKGROUND REGARDING IND SUBMISSIONS**

40.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the Consolidated Complaint and further note that they constitute legal contentions as to the FDA drug marketing process and respectfully refers the Court to the applicable law and

regulations. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

41.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the Consolidated Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the Consolidated Complaint in that they constitute legal contentions as to the FDA's role in the development of a new drug and respectfully refers the Court to the applicable law and regulations. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

43.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 of the Consolidated Complaint and note that they constitute legal contentions as to the regulatory framework of the IND process.  Defendant respectfully refers the Court to the applicable law and regulations. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

44.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the Consolidated Complaint and note that they constitute legal contentions as to the regulatory framework of the IND process.  Defendant respectfully refers the Court to the applicable law and regulations. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

45.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the Consolidated Complaint and note that they constitute legal contentions as to the regulatory framework of the IND process.  Defendant respectfully refers the Court to the applicable

law and regulations. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

46.    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the Consolidated Complaint and note that they constitute legal contentions as to the regulatory framework of the IND process.  Defendant respectfully refers the Court to the applicable law and regulations. Defendant ThinkEquity reserves the right to provide a legal memorandum on these issues at the appropriate time.

**SUBSTANTIVE ALLEGATIONS**

47.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 47 of the Consolidated Complaint.

48.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 48 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the Company's representations contained therein.

**A.    The ALEXIS Products**

49.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 49 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the Company's representations contained therein.

50.    Denies the allegations of Paragraph 50 of the Consolidated Complaint in that they constitute legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for the applicable law and regulations.  As to allegations relating to the Offering Documents content, defendant ThinkEquity denies the allegations and respectfully refers the Court to the Offering Documents for their full and complete content.

8

51.    Denies the allegations of Paragraph 51 of the Consolidated Complaint in that they constitute legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for the applicable law and regulations.

52.    Denies the allegations of Paragraph 52 of the Consolidated Complaint as to the content of the Offering Documents and respectfully refers the Court to the Offering Documents for their full and complete content.  Defendant ThinkEquity further states that allegations of Paragraph 52 contain legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for their content.

53.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 53 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the Company's representations contained therein.

**B.    The FDA Communications**

54.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 54 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the Company's representations contained therein.

55.    Denies the allegations of Paragraph 55 of the Consolidated Complaint in that they constitute legal contentions as to the FDA drug approval process and respectfully refers the Court to the applicable law and regulations for the applicable law and regulations.

56.    Denies the allegations of Paragraph 56 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the full content thereof

57.    Denies the allegations of Paragraph 57 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the full content thereof.

58.     Denies the allegations of Paragraph 58 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the full content thereof.

59.     Denies the allegations of Paragraph 59 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the full content thereof.

60.     Denies the allegations of Paragraph 60 of the Consolidated Complaint.

**C.      The Offering**

61.     Denies the allegations of Paragraph 61 of the Consolidated Complaint and respectfully refers the Court to the Press Release and Offering Documents for the full content thereof.  Notwithstanding, Admits that the Public Offering closed on or about July 2, 2021 and that the offering resulted in the sale of 8 million shares of Kiromic common stock at a price of $5/share for gross proceeds of $40 million.

62.     Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 62 of the Consolidated Complaint.

63.     Admits the allegations of paragraph 63 of the Consolidated Complaint.

64.     Denies the allegations of Paragraph 64 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the full content thereof. Notwithstanding, Admits that ThinkEquty acted as underwriter on a firm commitment basis.

65.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 65 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents and other Company Documents for the content thereof.

**D.      False and Misleading Statements in the Offering Documents**

66.     Denies the allegations of paragraph 66 of the Consolidated Complaint.

67.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 67 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the content thereof.

68.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 68 of the Consolidated Complaint except admits that ThinkEquity was not informed that of any clinical hold on any Kiromic product until after the Offering closed.

69.     Denies the allegations of paragraph 69 of the Consolidated Complaint.

70.     Denies the allegations of paragraph 70 of the Consolidated Complaint

71.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 71 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the content thereof.

72.     Denies the allegations of paragraph 72 of the Consolidated Complaint.

73.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 73 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the content thereof.

74.     Denies the allegations of paragraph 74 of the Consolidated Complaint.

75.     Denies the allegations of paragraph 75 of the Consolidated Complaint.

76.     Denies the allegations of paragraph 76 of the Consolidated Complaint.

77.     Denies the allegations of paragraph 77 of the Consolidated Complaint.

78.     Denies the allegations of paragraph 78 of the Consolidated Complaint and respectfully refers the Court to the Offering Documents for the content thereof and the actual disclosures made, including risk factors contained in the Offering Documents.

## THE TRUTH EMERGES BEGINS TO EMERGE

79.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 79 of the Consolidated Complaint and respectfully refers the Court to the referenced Company Press for the content thereof.

80.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 80 of the Consolidated Complaint and respectfully refers the Court to the referenced Company Press for the content thereof.

81.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 81 of the Consolidated Complaint and respectfully refers the Court to the referenced Company Press for the content thereof.

82.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 82 of the Consolidated Complaint.

83.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 83 of the Consolidated Complaint.

84.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 84 of the Consolidated Complaint.

85.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 85 of the Consolidated Complaint.

86.     Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 86 of the Consolidated Complaint and respectfully refers the Court to any written notice received for the full and complete content thereof.

87.     Defendant ThinkEquity is without sufficient knowledge or information upon which

to form a belief as to paragraph 87 of the Consolidated Complaint.

88.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 88 of the Consolidated Complaint.

89.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 89 of the Consolidated Complaint and additionally notes that this allegation of the Complaint is procedurally improper as to its length and complexity.

90.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 90 of the Consolidated Complaint.

**CONFIDENTIAL WITNESSES**

91.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 91 of the Consolidated Complaint.

92.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 92 of the Consolidated Complaint.

93.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 93 of the Consolidated Complaint.

94.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 94 of the Consolidated Complaint.

95.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 95 of the Consolidated Complaint.

96.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 96 of the Consolidated Complaint.

97.    Defendant ThinkEquity is without sufficient knowledge or information upon which

to form a belief as to paragraph 97 of the Consolidated Complaint.

98. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 98 of the Consolidated Complaint.

99. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 99 of the Consolidated Complaint.

100. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 100 of the Consolidated Complaint.

101. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 101 of the Consolidated Complaint.

102. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 102 of the Consolidated Complaint.

103. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 103 of the Consolidated Complaint.

104. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 104 of the Consolidated Complaint.

105. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 105 of the Consolidated Complaint.

106. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 106 of the Consolidated Complaint.

107. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 107 of the Consolidated Complaint.

108. Defendant ThinkEquity is without sufficient knowledge or information upon which

to form a belief as to paragraph 108 of the Consolidated Complaint.

109.   Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 109 of the Consolidated Complaint.

## **FIRST CLAIM**

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

110.   In response to paragraph 110, Defendant ThinkEquity repeates and realleges its prior responses as set forth above.

111.   Denies the allegations of paragraph 111 of the Consolidated Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.

112.   Denies the allegations of paragraph 112 of the Consolidated Complaint.

113.   Denies the allegations of paragraph 113 of the Consolidated Complaint except admits that Kiromic was the issuer for the Offering.

114.   Denies the allegations of paragraph 114 of the Consolidated Complaint in that it sets forth a legal contention.

115.   Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 115 of the Consolidated Complaint

116.   Denies the allegations of paragraph 116 of the Consolidated Complaint.

117.   Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 117 of the Consolidated Complaint

118.   Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 118 of the Consolidated Complaint except admits that the price of

the stock of the Company has fluctuated since the Offering.

119. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 119 of the Consolidated Complaint.

## SECOND CLAIM

120. In response to paragraph 120, Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

121. Denies the allegations of paragraph 121 of the Consolidated Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.  Defendant respectfully refers the Court to the Consolidated Complaint for the content thereof.

122. Denies the allegations of paragraph 122 of the Consolidated Complaint.

123. Denies the allegations of paragraph 123 of the Consolidated Complaint except admits that ThinkEquity was the underwriter of the Offering.

124. Denies the allegations of paragraph 124 of the Consolidated Complaint.

125. Denies the allegations of paragraph 125 of the Consolidated Complaint.

126. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 126 of the Consolidated Complaint

127. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 127 of the Consolidated Complaint except admits that the price of the stock of the Company has fluctuated since the Offering.

128. Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 128 of the Consolidated Complaint.

16

## THIRD CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

129.    Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

130.    Denies the allegations of paragraph 130 of the Consolidated Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.

131.    Denies the allegations of paragraph 131 of the Consolidated Complaint.

132.    Denies the allegations of paragraph 132 of the Consolidated Complaint except admits that Offering Documents are required pursuant to a public offering.

133.    Denies the allegations of paragraph 133 of the Consolidated Complaint.

134.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 134 of the Consolidated Complaint.

135.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 135 of the Consolidated Complaint

136.    Denies the allegations of paragraph 136 of the Consolidated Complaint.

137.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 137 of the Consolidated Complaint

## FOURTH CLAIM

138.    In response to paragraph 138, Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

139.    Denies the allegations of paragraph 139 of the Consolidated Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims

against other defendants.  Defendant respectfully refers the Court to the Consolidated Complaint for the content thereof.

140.    Denies the allegations of paragraph 140 of the Consolidated Complaint.

141.    Denies the allegations of paragraph 141 of the Consolidated Complaint except admits that Offering Documents are required in connection with a public offering.

142.    Denies the allegations of paragraph 142 of the Consolidated Complaint.

143.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 143 of the Consolidated Complaint.

144.    Denies the allegations of paragraph 144 of the Consolidated Complaint.

145.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 145 of the Consolidated Complaint.

## FIFTH CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

146.    Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

147.    Denies the allegations of paragraph 147 of the Consolidated Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.

148.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 148 of the Consolidated Complaint which purports certain legal consequences of the positions of various individual defendants with the Company.

149.    Denies the allegations of paragraph 149 of the Consolidated Complaint and respectfully refers the Court to the  Offering Documents for the contents thereof.

150.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 150 of the Consolidated Complaint which purports certain legal consequences of the positions of various individual defendants with the Company.

## SIXTH CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

151.    In response to paragraph 151, Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

152    Denies the allegations of paragraph 152 of the Consolidated Complaint except states that plaintiff purports that that it has alleged certain claims and that certain law applies to claims against other defendants.  Defendant respectfully refers the Court to the Consolidated Complaint for the content thereof.

153.    Denies the allegations of paragraph 153 of the Consolidated Complaint.

154.    Denies the allegations of paragraph 154 of the Consolidated Complaint except admits that the named defendants participated in the preparation and issuance of the Offering Documents.

155.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 155 of the Consolidated Complaint.

156.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 156 of the Consolidated Complaint.

157.    Denies the allegations of paragraph 157 of the Consolidated Complaint except admits that the Individual Defendants controlled the content of the statements of the Company.

158.    Denies the allegations of paragraph 158 of the Consolidated Complaint except admit

that the Company's securities traded on a public market after the Offering.

159.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 159 of the Consolidated Complaint.

## SEVENTH CLAIM

**The allegations of this Claim are not directed to Defendant ThinkEquity.**

160.    In response to paragraph 160, Defendant ThinkEquity repeats and realleges its prior responses as set forth above.

161    Denies the allegations of paragraph 161 of the Consolidated Complaint except Admits that Chiriva-Internati participated in management of the Company.

162.    Paragraph 162 of the Consolidated Complaint in that they assert legal conclusions to which no response is required.

163.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 163 of the Consolidated Complaint.

164.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 164 of the Consolidated Complaint.

165.    Defendant ThinkEquity is without sufficient knowledge or information upon which to form a belief as to paragraph 165 of the Consolidated Complaint.

## First Affirmative Defense

The Consolidated Complaint fails to state a cause of action for which relief may be granted.

## Second Affirmative Defense

Plaintiffs have failed to mitigate their damages.

### Third Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Consolidated Complaint fails to state a claim upon which relief may be granted. Plaintiff has not alleged facts sufficient to support a claim that any representation or omission by Defendants was materially misleading.

### Fourth Affirmative Defense

Pursuant to Federal Rule of Civil Procedure 9(b), the Consolidated Complaint fails to plead fraud with the requisite degree of particularity against Defendants. Allegations of securities fraud must satisfy Federal Rule of Civil Procedure 9(b), which requires Plaintiffs to "aver with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b).

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages were not legally or proximately caused by any acts or omissions by Defendants.

### Sixth Affirmative Defense

Plaintiffs' claims cannot be maintained because Defendants accurately disclosed all information required of them by law.

### Seventh Affirmative Defense

Any failure of disclosure was not due to acts of Defendant ThinkEquity but rather of the other defendants. ThinkEquity performed adequate due diligence and could not have discovered any omission relating to any Hold by the FDA since (a) it was not public record; (b) was solely within the knowledge of the Company; and (c) it had not been disclosed to ThinkEquity by the Company either through negligence or intentional concealment.

### Eighth Affirmative Defense

The Consolidated Complaint should be dismissed for lack of subject matter jurisdiction.

### Ninth Affirmative Defense

To the extent Plaintiffs fail to demonstrate that every putative class member relied on Defendants' representations, any finding of liability on a class-wide basis would violate Defendants' rights.

### Tenth Affirmative Defense

To the extent Plaintiff fail to demonstrate that every putative class member sustained cognizable damages as a result of Defendants' actions, any finding of liability on a class-wide basis should be denied.

### Eleventh Affirmative Defense

Plaintiff has failed to satisfy the necessary requirements to establish a class and/or the class alleged is inadequate, including but not limited to that (a) individual issues predominate over class issues; (b) the class representative is inadequate; (c) the class counsel is inadequate; (d) there is inadequate commonality of facts; (e) there is a lack of typicality.

### Twelfth Affirmative Defense

ThinkEquity relies upon all defenses asserted by the other defendants, including any asserted on their motion to dismiss or in their answer.

### RESERVATION OF DEFENSES

Defendants expressly reserve the right to amend and/or add additional affirmative defenses as facts are developed through discovery and investigation continues, and/or to withdraw any of these defenses.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand a trial by jury as to all issues so triable.

WHEREFORE, defendant ThinkEquity demands judgment dismissing the Consolidated Complaint with prejudice and awarding ThinkEquity costs, attorneys' fees, and such other and further relief as the Court deems appropriate.

PAYKIN KRIEG & ADAMS, LLP
Attorneys for Defendant ThinkEquity LLC


By: _David Schrader_
    DAVID A. SCHRADER
2500 Westchester Ave., Ste 107
Purchase, New York 10577
(347) 879-2345
dschrader@pka-law.com

DATED: February 6, 2023