# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:13-cv-23878-UU
Judge: Hon. Ursula Ungaro

| |
|---|
| LUIS ARANAZ and JARED PEREIRA, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CATALYST PHARMACEUTICAL PARTNERS INC., and PATRICK J. MCENANY, <br><br> Defendants. |

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

If you purchased the common stock ("Stock") of Catalyst Pharmaceutical Partners, Inc. ("Catalyst") between August 27, 2013 and October 18, 2013, both dates inclusive, (the "Class Period"), and did not sell your stock before October 18, 2013, you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this notice. This is not attorney advertising.*

- If approved by the Court, the settlement will provide three million five hundred thousand dollars ($3,500,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Catalyst Stock during the Class Period, and did not sell such shares before October 18, 2013.

- The Settlement represents an average gross recovery of $0.065 per share of Catalyst Stock for the 54,132,937 shares outstanding at the end of the Class Period. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the total amount of allowed claims, as well as the amount of attorneys' fees, costs and administrative expenses awarded by the Court.

- Attorneys for Plaintiffs ("Class Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount or one million one hundred sixty six thousand six hundred sixty seven dollars ($1,166,667), reimbursement of litigation expenses of no more than $200,000 and an award to the Class Representatives not to exceed $10,000 each. Collectively, the attorneys' fees and expenses are estimated to average $0.026 per outstanding share of Catalyst Stock. If approved by the Court, these amounts will be paid from the Gross Settlement Fund.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.039 per outstanding share of Catalyst Stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold Catalyst Stock, the purchase and sale prices, and the total number and amount of claims filed.

- The Settlement resolves the Litigation concerning whether Catalyst and Patrick J. McEnany (together, "Defendants") violated the federal securities laws by making misrepresentations or omissions of material fact in a press release issued on August 27, 2013, to the investing public. Defendants vehemently deny each and every claim and contention alleged by Plaintiffs in the Litigation and any misconduct or wrongdoing whatsoever.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN FEBRUARY 2, 2015** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN FEBRUARY 23, 2015** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN MARCH 2, 2015** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON MARCH 16, 2015** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Class Members should be directed to:

Catalyst Pharmaceutical Partners, Inc.
Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

**or**

THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel.: 212-686-1060
Fax: 212-202-3827
info@rosenlegal.com

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated November 21, 2014 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.      Why did I get this Notice?**

You or someone in your family may have acquired Catalyst Stock between August 27, 2013, and October 18, 2013, both dates inclusive.

**2.      What is this lawsuit about?**

The case is known as *Luis Aranaz, et al., v. Catalyst Pharmaceutical Partners, Inc., et al.*, Case No. 1:13-cv-23878-UU (the "Litigation"), and the Court in charge of the case is the United States District Court for the Southern District of Florida.

The case involves whether Defendants violated the federal securities laws by making misrepresentations or omissions of material fact in an August 27, 2013 press release.  The Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") alleges that the Defendants falsely stated that there was "no [] effective treatment" for Lambert Eaton Myasthenic Syndrome ("LEMS"), the disease Catalyst's drug Firdapse™ ("Firdapse") aims to treat.  The Complaint alleges that 3,4-DAP is an effective treatment for LEMS and had been provided to some LEMS patients free of charge for several years. The Complaint further alleges that the alleged false statement and other related allegedly misleading statements artificially inflated the price of Catalyst's Stock. The Complaint alleges that when an article authored by Adam Feuerstein was published that allegedly revealed that 3,4-DAP was an effective treatment for LEMS, Catalyst's Stock price fell, damaging investors.  The Defendants have denied and continue to deny the allegations in the Complaint and all charges of wrongdoing or liability.  The Settlement resolves all of the claims in the Litigation.

**3.      Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims.  All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members.  One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.      Why is there a Settlement?**

The Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share that would be recoverable if Plaintiffs were to prevail at trial on each claim.  The issues on which the Plaintiffs and the Defendants disagree include: (1) whether at the time of the alleged misstatement, 3,4-DAP was considered an "effective" treatment for LEMS; (2) whether at the time of the alleged misstatement, the market understood the statement that there was "no approved or effective treatment" for LEMS to mean that there was no treatment for LEMS that the FDA had found to be safe and effective in clinical trials; (3) whether at the time of the alleged misstatement, the market understood that 3,4-DAP was not approved by the FDA and that 3,4-DAP had not been determined to be a safe and effective treatment for LEMS; (4)

whether 3,4-DAP has been approved by the FDA because it has been made available under one or more expanded access INDs; (5) whether at the time of the alleged misstatement the information set forth in Mr. Feuerstein's article was already known by the market; (6) whether the information set forth in Mr. Feuerstein's article caused Plaintiffs' losses; and (7) the amount of damages.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or any of the Defendants. Instead, the Plaintiffs and Defendants have agreed to settle the case. The Plaintiffs and Class Counsel believe the settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Plaintiffs and Class Counsel believe the Settlement is fair is the fact that there is uncertainty about whether the Defendants may ultimately prove their affirmative defense that the alleged misstatements and omissions did not cause the Class any damages, and the amount of damages.

Even if Plaintiffs win at trial, and also prevail on any appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Plaintiffs' allegations are eventually found to be true, the total amount of damages to which Class Members would be entitled could be substantially reduced.

**5.    How do I know if I am part of the settlement?**

To be a Class Member, you must have purchased Catalyst shares between August 27, 2013 and October 18, 2013, both dates inclusive, and not have sold your stock before October 18, 2013 (the "Class").

**6.    Are there exceptions to being included?**

Yes. Excluded from the Class are Defendants; any entities affiliated with Catalyst; the present and former officers and directors of Catalyst or any subsidiary or affiliate thereof; members of such excluded persons' immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any excluded person has or had a controlling interest.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visiting the website www.strategicclaims.net, or filling out and returning the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

**a.    What is the settlement fund?**

The proposed Settlement provides that Catalyst's insurer, on behalf of the Defendants, will pay into a settlement fund three million five hundred thousand dollars ($3,500,000). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the settlement fund will be used to pay attorneys' fees and reasonable litigation expenses to Class Counsel and any award to the Class Representatives. A portion of the settlement fund also will be used to pay taxes due on interest earned by the settlement fund, if necessary, and any Notice and Administration Expenses permitted by the Court. After the foregoing deductions from the

settlement fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit timely, valid claims.

**b.    What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on:  (i) the number of claims filed; (ii) the dates you purchased and sold Catalyst Stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Class Counsel for attorneys' fees, costs, and expenses and to Class Representatives.

The Claims Administrator will determine each Class Member's *pro rata* share of the Net Settlement Fund based upon each Class Member's valid "Recognized Loss."  The Recognized Loss formula is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Class Members pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Class Members with valid claims.

The Net Settlement Fund will be distributed to Class Members who submit a Proof of Claim and Release Form and whose claim for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation, which reflects the Class Representatives' contention that because of the alleged misrepresentations made by Defendants, the price of Catalyst Stock was artificially inflated during the Class Period and that disclosures of the true facts caused changes in the inflated price of Catalyst's Stock.

<u>Plan of Allocation</u>

For purposes of determining the amount an Authorized Claimant will recover from the Settlement, Class Counsel, with the aid of a financial consultant, has developed the Plan of Allocation.  It is designed to fairly allocate the proceeds of the Net Settlement Fund to Authorized Claimants.

The Court has not made any finding that the Released Parties are liable to the Class or that the Class has suffered any compensable damages, nor has the Court made any finding that the payments allowed under this Plan of Allocation are an accurate measure of damages.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each claimant's "recognized claim" from transactions in Catalyst Stock as a member of the Class.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00).

A Claimant's recognized claim will be calculated as follows:

**1.    For shares of common stock purchased between August 27, 2013 and October 17, 2013, both dates inclusive:**
A.    For shares retained at the end of trading on October 18, 2013, the Recognized Claim shall be the lesser of:
       (1)    $1.09 per share; or
       (2)    the difference between the purchase price per share and $1.84.

B. For shares sold between August 27, 2013 and October 17, 2013, inclusive, the Recognized Claim shall be zero.

C. For shares sold on October 18, 2013, the Recognized Claim shall be the lesser of:
   (1)  $.71 per share; or
   (2)  the difference between the purchase price per share and the sales price per share for each share sold.

**2.  For shares of common stock purchased on October 18, 2013:**

A. For shares retained at the end of trading on October 18, 2013, the Recognized Claim shall be the lesser of:
   (1)  $.38 per share; or
   (2)  the difference between the purchase price per share and $1.84.

B. For shares sold on October 18, 2013, the Recognized Claim shall be zero.

**c.  Are there any further limitations on the amount I may receive?**

   i)  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive the percentage of the Net Settlement Fund that each Authorized Claimant's recognized loss bears to the total recognized losses of all Authorized Claimants. Thus, if the total recognized losses of all Authorized Claimants exceeds the Net Settlement Fund, then Authorized Claimants will receive less than their recognized loss, and if the total recognized loss is less than the net settlement fund, then Authorized Claimants will receive more than their recognized loss.

   ii)  For Class Members who conducted multiple transactions in Catalyst shares, the earliest subsequent sale shall be matched first against those shares in the Claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase made during the Class Period.

   iii)  Transactions during the Class Period resulting in a gain shall be netted against the Class Member's transactions resulting in a loss to arrive at the recognized loss.

   iv)  Any Class Members whose collective transactions in Catalyst shares during the Class Period resulted in a net gain shall not be entitled to share in the Net Settlement Fund.

   v)  The purchase and sale prices exclude any brokerage commissions, transfer taxes or other fees.

   vi)  The covering purchase of a short sale is not an eligible purchase. Gifts and transfers are not eligible purchases.

**9.    How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release-Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a claim form on the Internet at www.strategicclaims.net. Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with all documentation requested in the form, postmarked no later than February 2, 2015, to:

Catalyst Pharmaceutical Partners, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will remain in the Class. That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all Settled Claims against the Defendants and, past or present, their affiliates, representatives, shareholders, creditors, partners, principals, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, agents, successors in interest, and such others as is usual and customary (the "Released Parties") in connection with your acquisition of Catalyst Stock as a Class Member, except that you do not release the Released Parties from any claim or action to enforce the Settlement. It also means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of Catalyst shares as a Class Member.

**11.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in this case, then you must take steps to get out. To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Class Member from *Luis Aranaz, et al., v. Catalyst Pharmaceutical Partners, Inc., et al.*, Case No. 1:13-cv-23878-UU. You must include your (i) name, (ii) address, (iii) telephone number, (iv) number of Catalyst common stock purchased or sold during the Class Period, (v) prices paid or received for such Catalyst common stock, and (vi) the date of each transaction. You must mail your exclusion request, to be received no later than February 23, 2015, to the Claims Administrator at the following address:

Catalyst Pharmaceutical Partners, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box230
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue the Defendants for the same thing later?**

No.  Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue the Defendants for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately, since you must exclude yourself from this Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel, also referred to as Class Counsel, to represent you and the other Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.  Contact information for The Rosen Law Firm, P.A. is provided below.

**14.    How will the lawyers be paid?**

Class Counsel have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the case themselves.  They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement.  Class Counsel have done so with the expectation that, if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the settlement fund, as is customary in this type of litigation.  Class Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the settlement fund.  Therefore, Class Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed $1,166,667, for reimbursement of reasonable litigation expenses not to exceed $200,000, and an award to Class Representatives in an amount not to exceed $20,000 in total.  The Court may award less than these amounts. Any amounts awarded by the Court will come out of the settlement fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, Class Counsel's motion for attorneys' fees and expenses and application for award to the Class Representatives, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Luis Aranaz, et al., v. Catalyst Pharmaceutical Partners, Inc., et al.*, Case No. 1:13-cv-23878-UU.  Be sure to include (1) your name, address, and telephone number, (2) a list of all your purchases and sales of Catalyst Stock during the Class Period in order to show  membership in the Class, (3) all grounds for the objection, including any legal support, and (4) the number of times you and/or your counsel have filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.  Be sure to mail the objections to the three different addresses listed below, to be received no later than March 2, 2015, so the Court will consider your views:

| Clerk of the Court<br>United States District Court<br>Southern District of Florida<br>400 North Miami Avenue<br>Miami, FL 33128 | Laurence M. Rosen, Esq.<br>THE ROSEN LAW FIRM,<br>P.A.<br>275 Madison Avenue, 34th<br>Floor<br>New York, NY 10016<br><br>*Class Counsel* | Brian P. Miller, Esq.<br>Samantha J. Kavanaugh, Esq.<br>AKERMAN LLP<br>One Southeast Third Avenue<br>25th Floor<br>Miami, FL 33131<br><br>*Counsel for Defendants* |

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof.  You can object only if you stay in the Class.  Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement.  If you exclude yourself, you cannot object to the Settlement because it no longer concerns you.  If you stay in the Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on March 16, 2015, at 10:00 a.m., at the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida, 33128, Courtroom # 12b.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement.  If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel for attorneys' fees and expenses and how much to award to the Class Representatives.

**18.    Do I have to come to the hearing?**

No.  Class Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement.  However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims made in this case ever again.

DATED: DECEMBER 3, 2014

_____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission: February 2, 2015**

IF YOU PURCHASED THE COMMON STOCK OF CATALYST PHARMACEUTICAL PARTNERS, INC. ("CATALYST") BETWEEN AUGUST 27, 2013 AND OCTOBER 18, 2013, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), AND DID NOT SELL SUCH SHARES PRIOR TO OCTOBER 18, 2013, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE DEFENDANTS IN THIS LITIGATION, ANY ENTITIES AFFILIATED WITH CATALYST, THE PRESENT AND FORMER OFFICERS AND DIRECTORS OF CATALYST OR ANY SUBSIDIARY OR AFFILIATE THEREOF, MEMBERS OF SUCH EXCLUDED PERSONS' IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS, AND ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS OR HAD A CONTROLLING INTEREST.)

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN FEBRUARY 2, 2015 TO STRATEGIC CLAIM SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Catalyst Pharmaceutical Partners, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY FEBRUARY 2, 2015 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

### CLAIMANT'S STATEMENT

1.  I (we) purchased the common stock of Catalyst Pharmaceutical Partners, Inc. ("Catalyst") during the Class Period, and did not sell such shares prior to October 18, 2013. (Do not submit this Proof of Claim and Release Form if you did not purchase Catalyst common stock during the Class Period.)

2.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Litigation or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

-10-

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of Catalyst common stock during the Class Period, and each sale, if any, of such common stock.  I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Catalyst common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim.  In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Settled Claims."

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Settled Claims against any of the Released Parties.

9. "Released Parties" means the Defendants and, past or present, their affiliates, representatives, shareholders, creditors, partners, principals, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, agents, successors in interest, and such others as is usual and customary.

10. "Settled Claims" means any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any forum by the Class Members, or any of them, including me (us), or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Parties, which arise out of, or relate in any way, directly or indirectly, to the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Litigation, including without limitation, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud,

-11-

negligent misrepresentation, or breach of fiduciary duty, arising out of, based upon or related in any way to the purchase or acquisition of Catalyst securities by any Class Member during the Class Period.

11. "Unknown Claims" includes any Settled Claim which Class Representatives or any member of the Class, including me (us), does not know or suspect to exist in his, her, its, or my (our) favor at the time of the release of the Released Parties, which if known by him, her, it, or me (us), might have affected his, her, its, or my (our) decision with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement.  With respect to any and all Settled Claims released pursuant to this release and the Settlement Stipulation, I (we) stipulate and agree that upon the Effective Date, I (we) expressly waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

12.  I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement and this release.

13. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim and Release Form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-274-4004 or visit their website at www.strategicclaims.net to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

CATALYST

## I. CLAIMANT INFORMATION

Name:

Address:

Address Line 2:

| City | State | ZIP |
|---|---|---|

| Foreign Provence | Foreign Country |
|---|---|

| Day Phone | Evening Phone |
|---|---|

Email

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|

## II. SCHEDULE OF TRANSACTIONS IN CATALYST COMMON STOCK

### Beginning Holdings:

A. State the total number of shares of Catalyst common stock owned at the close of trading on August 26, 2013, long or short (*must be documented).*

### Purchases:

B. Separately list each and every open market purchase of Catalyst common stock between August 27, 2013 and October 18, 2013, both dates inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

CATALYST

**Sales:**

C. Separately list each and every open market sale of Catalyst common stock between August 27, 2013 and October 18, 2013, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D. State the total number of shares of Catalyst common stock owned at the close of trading on October 18, 2013, long or short (*must be documented).*

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation and Agreement of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Florida, with respect to my (our) claim as a Class Member and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Litigation. I (We) have not submitted any other claim covering the same purchases or sales of Catalyst common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

CATALYST

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED NO LATER THAN FEBRUARY 2, 2015 AND MUST BE MAILED TO:**

Catalyst Pharmaceutical Partners, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by February 2, 2015 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

o  Please be sure to sign this Proof of Claim on page 15.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.

o  Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

o  Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o  If you move after submitting this Proof of Claim and Release Form, please notify the Claims Administrator of the change in your address.