# EXHIBIT 4

Case 1:17-cv-00917-LGS   Document 92   Filed 05/06/19   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____ 5/2/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ROTEM COHEN AND JASON BREUNIG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>KITOV PHARMACEUTICALS HOLDINGS LTD., ISAAC ISRAEL, and SIMCHA ROCK,<br><br>Defendants. | **Civil Action No.: 17-cv-00917-LGS** |

## [PROPOSED] ORDER OF FINAL DISTRIBUTION OF SETTLEMENT FUND

By Order and Final Judgment dated March 22, 2019 (Docket ("Dkt.") No. 86) ("Final Order"), this Court approved, *inter alia*, (i) the terms of the Stipulation of Settlement dated July 27, 2018 (Dkt. No. 65) ("Settlement Stipulation"), whereby Defendants agreed to pay $2,000,000 (the "Settlement Fund"); (ii) a Plan of Allocation for distribution of the Net Settlement Fund; and (iii) the award of fees and expenses to Lead Counsel.[1]

The court-approved settlement administrator, Strategic Claims Services ("SCS"), has determined that 261[2] valid claims representing Recognized Losses of $508,171.67 for the American Depository Shares ("ADSs") and $132,365.00 for the Warrants were filed,

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in the Settlement Stipulation.

[2] This number includes 252 timely filed valid claims and 9 late but otherwise valid claims.

representing a gross recovery of approximately 312.2%[3] and a net recovery of approximately 184.8%[4] for all valid claims.

The Net Settlement Fund (after payment of all court approved attorneys' fees, expenses, compensatory awards, and Administrative Costs) presently totals $1,183,716.25.[5]

Based on the Court's Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement dated September 19, 2018 (Dkt. No. 70) ("Preliminary Approval Order"), SCS' administrative fees and expenses (Administrative Costs) totaled $96,607.42 in connection with the services performed in giving Class Notice, preparing tax returns for the Settlement Fund, processing Proofs of Claims, communicating with Settlement Class Members, and administering and distributing the balance of the Settlement Fund. Pursuant to Paragraph 12 of the Preliminary Approval Order, $250,000 of the Settlement Amount was wired to the Escrow Agent for deposit into a Notice Administration Fund to pay Notice and Administrative Costs. To this end, the Administrative Costs are $96,607.42, well below this threshold. The unused portion of the $250,000 notice and administrative allowance is $153,984.34 and becomes part of the $1,183,716.25 available for distribution to valid claimants.

This Court has authorized and directed the parties to implement all of the terms and provisions of the Settlement Stipulation; and

This Court has retained jurisdiction over this Action for the purpose of considering any further application or matter that may arise in connection with the administration and execution

---

[3] The $2,000,000 Settlement amount divided by $640,536.67 of Recognized Claims.

[4] The net recovery represents the total amount available for distribution to valid claimants of $1,183,716.25 (see below) divided by total Recognized Claims of $640,536.67.

[5] This represents the Settlement Fund of $1,750,000, plus the balance of $153,984.34 in the Notice Administration Fund, plus interest of $4,105.57, less the following: legal fees of $666,666.67, payable from the Settlement Fund after payments are substantially made to class members; legal expenses of $47,706.99; and payments to Lead Plaintiffs of $10,000 total.

of the Settlement, the processing of Proofs of Claims, and the distribution of the Net Settlement Fund.

NOW, THEREFORE, upon consideration of Lead Plaintiffs' Motion for an Order for Final Distribution of the Net Settlement Fund (the "Motion"), the Memorandum of Law in Support of the Motion, the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Dec."), and upon all prior proceedings herein, and after due deliberation;

**IT IS HEREBY ORDERED THAT**:

1. Lead Plaintiffs' Motion is granted;

2. Distribution of the Net Settlement Fund will commence no later than five (5) business days after entry of this Order;

3. SCS' determinations accepting the claims, as indicated in the exhibits to the Bravata Dec., are approved, and said claims are hereby accepted;

4. SCS' determinations rejecting the claims, as indicated in Exhibits D and E to the Bravata Dec., are approved, and said claims are hereby rejected;

5. Any claims filed after April 12, 2019, and any additional documentation provided for deficient claims received after April 12, 2019, are hereby barred;

6. Lead Counsel will be paid $666,666.67 after payments are substantially made to Settlement Class Members;

7. No earlier than six (6) months from the date of this Order, any unclaimed, residual balance in the Net Settlement Fund shall be redistributed to all Claimants who have cashed their checks from the first distribution and whose proportionate share of the remaining Net Settlement Fund is $10.00 or more;

Case 1:17-cv-00917-LGS Document 92 Filed 05/06/19 Page 4 of 4

8.  Thereafter, if any sums remain unclaimed, and the unclaimed amount is not sufficiently large to warrant further distribution, the balance shall to be paid in equal amounts to the Legal Aid Society;

9.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Court's order; and

10. This Court shall retain jurisdiction over any further application or matter that may arise in connection with this Action.


**SO ORDERED:**


DATED: _____ May 6, 2019 _____


_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**


- 4 -