# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SCOTT WHITELEY and HARRY BERGER, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ZYNERBA PHARMACEUTICALS, INC., ARMANDO ANIDO, and JAMES E. FICKENSCHER, <br><br> Defendants. | Case No: 2:19-cv-04959-NIQA |

## ORDER OF FINAL DISTRIBUTION OF SETTLEMENT FUND

**WHEREAS**, by Final Judgment and Order of Dismissal with Prejudice dated September 16, 2021, [ECF 51], (the "Final Order"), this Court approved, *inter alia*, (i) the terms of the Stipulation of Settlement dated April 30, 2021, [ECF 43], ("Settlement Stipulation"), whereby Defendants agreed to pay $4,000,000.00 (the "Settlement Fund"); (ii) a Plan of Allocation for distribution of the Net Settlement Fund; and (iii) the award of fees and expenses to Lead Counsel;[1]

**WHEREAS**, the court-approved settlement administrator, Strategic Claims Services ("SCS"), has determined that Claimants have submitted 1,083[2] valid and properly documented proofs of claims;

---

[1]    Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in the Settlement Stipulation.

[2]    This number includes 1,046 timely filed valid claims and 37 late but otherwise valid claims.

WHEREAS, the Net Settlement Fund (after payment of all court approved attorneys' fees, expenses, compensatory awards, and Administrative Costs) presently totals $2,482,772.01;[3]

WHEREAS, based on the Court's Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement dated May 12, 2021, [ECF 44], ("Preliminary Approval Order"), SCS's administrative fees and expenses (Administrative Costs) totaled $131,824.09 in connection with the services performed in giving Class Notice, preparing tax returns for the Settlement Fund, processing Proofs of Claims, communicating with Settlement Class Members, and administering and distributing the balance of the Settlement Fund;

WHEREAS, this Court authorized and directed the parties to implement all of the terms and provisions of the Settlement Stipulation; and

WHEREAS, this Court retained jurisdiction over this Action for the purpose of considering any further application or matter that may arise in connection with the administration and execution of the Settlement, the processing of Proofs of Claims, and the distribution of the Net Settlement Fund.

NOW, THEREFORE, upon consideration of Lead Plaintiffs' *Motion for an Order for Final Distribution of the Net Settlement Fund* (the "Motion") and the Memorandum of Law in Support of the Motion,[ECF 52], the Declaration of Josephine Bravata Recommending Resolution of the Claims Process ("Bravata Dec."), [ECF 53], and upon all prior proceedings herein:

It is hereby ORDERED that:

(1) Lead Plaintiffs' Motion to Distribute the Net Settlement Fund, [ECF 52], is

GRANTED;

---

[3]    This represents the Settlement amount of $4,000,000, plus interest of $192.97, less the following:  legal fees and expenses plus interest of $1,370,592.11; payments to Lead Plaintiffs of $15,000 ($7,500 each); and administrative fees and expenses (Administrative Costs) of $131,824.09.

(2) Distribution of the Net Settlement Fund will commence no later than ten (10) business days after entry of this Order;

(3) SCS's determinations accepting the claims, as indicated in Exhibits B-1 and B-2 to the Bravata Dec. [ECF 53], are approved, and said claims are hereby accepted;

(4) SCS's determinations rejecting the claims, as indicated in Exhibit D to the Bravata Dec., are approved, and said claims are hereby rejected;

(5) SCS's determinations regarding ineligible claims, as indicated in Exhibit E to the Bravata Dec., are approved;

(6) Any claims filed after November 3, 2021, and any responses to deficiency and/or rejection notices received after February 8, 2022, are hereby barred;

(7) No earlier than six (6) months from the date of this Order, any unclaimed, residual balance in the Net Settlement Fund shall be redistributed to all Claimants who have cashed their checks from the first distribution and whose proportionate share of the remaining Net Settlement Fund is $10.00 or more;

(8) Thereafter, if any sums remain unclaimed, and the unclaimed amount is not sufficiently large to warrant further distribution, the balance shall be paid to Investor Justice and Education Clinic of Howard University School of Law (http://law.howard.edu/content/investor-justice-and-education-clinic-ijec);

(9) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement

- 3 -

Case 2:19-cv-06969-RQAD Document 574 Filed 03/02/23 Page 5 of 5

Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Court's order; and

(10)    This Court shall retain jurisdiction over any further application or matter that may arise in connection with this Action.

**SO ORDERED** this 1st day of March 2022.

BY THE COURT:

_/s/ Nitza I. Quiñones Alejandro_
**NITZA I. QUIÑONES ALEJANDRO**
_Judge, United States District Judge_

- 4 -