UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

RONALD H. KARP, Individually and On            :
Behalf of All Others Similarly Situated          :
                                                                    :        Civil Action 22-6690
                              Plaintiff,                  :
                                                                    :
v.                                                                  :
                                                                    :
KIROMIC BIOPHARMA, INC.,                      :
MAURIZIO CHIRIVA-INTERNATI,              :
TONY TONTAT, GIANLUCA ROTINO,          :
PIETRO BERSANI, AMERICO                      :
CICCHETTI, MICHAEL NAGEL,                   :
JERRY SCHNEIDER and THINKEQUITY    :        OBJECTION TO PROPOSED SETTLEMENT
LLC                                                                :
                                                                    :
                              Defendants.               :
_____:

           This objection is submitted on behalf of Defendant ThnkEquity LLC ("ThinkEquity") to

the proposed settlement submitted by the parties.  The Lead Plaintiffs, who have submitted this

motion, incorrectly state that the "Defendants do not oppose this motion" to approve the

settlement.

           1.        The settlement that has been submitted to the Court is between the class plaintiffs

and Kiromic Biopharma, Inc. ("Kiromic") -- who are the only signatories to the settlement

agreement.  ThinkEquity does not oppose the financial terms of the settlement between these

parties regarding the amount of the payments being made—and believes that those financial terms

are fair between those parties.  However, there is language that is included in the written settlement

agreement and proposed order and judgment that purports to, or could be construed to, bind

ThinkEquity to obligations to which it has not agreed.

2.      First, the settlement agreement purports to waive any claim for indemnification that may exist as between the defendants in this case.  While Kiromic and the officers/directors of the company may have agreed upon such a waiver of claims as between them, ThinkEquity did not.

3.      ThinkEquity did not consent to waive any claims for indemnification of legal fees and expenses that it incurred in connection with this matter. In fact, ThinkEquity filed an indemnity action in the Supreme Court of the State of New York entitled ThinkEquity v. Kiromic, et al, Index No. 654749/2022 (the "Indemnity Action").  A copy of which is annexed hereto as Exhibit A.  The Indemnity Action includes claims for indemnification for legal fees and expenses involved in the (a) investigation of the claims in this matter; (b) the defense of this lawsuit; and (c) any responses required by ThinkEquity to a regulator involving their investigators of the claim. The Indemnity Action also includes a claim for unpaid underwriting and investment banking fees (including legal fees incurred by ThinkEquity in connection with underwriting activity). ThinkEquity does not, and has not, agreed to waive these claims. Paragraph 15 of the proposed Order and Final Judgment appear to attempt to create a court-imposed waiver of these claims without the consent of ThinkEquity. ThinkEquity does not agree to waive its rights against the other defendants.  ThinkEquity objects to the inclusion of paragraph 15 of the Proposed Order and Judgment as currently written.

4.      Second, ThinkEquity wishes to clarify that it has not agreed to assume any liability of Kiromic in the event it defaults on its settlement payment obligations.  During the negotiation process of the settlement, there were numerous communications confirming that ThinkEquity would not assume any liability for a default by Kiromic on its payment obligations under the settlement.  It was represented to ThinkEquity that if there was a default by Kiromic, plaintiffs

2

would have the ability to revive their lawsuit against the defendants for any unpaid amounts. However, the proposed Order/Judgment and other settlement documents submitted to the Court are at best ambiguous on this issue. *See* Stipulation of Settlement, Page 14 (Section 2(a)(v)). ThinkEquity is not a party to the settlement agreement itself and wishes clarification of this provision. It should also be noted that the Confession of Judgment issued by Kiromic is also not attached to the Court papers.

5.      Notwithstanding that we understand Kiromic has raised funds to satisfy its payment obligations under the Settlement, ThinkEquity would like confirmation that if there is a default by Kiromic in making the required payment, the sole remedies of the plaintiffs are (a) enforcement of any confession of judgment against Kiromic; and/or (b) the revival of the claims in the lawsuit for any deficiency. Although ThinkEquity is not a direct party to the settlement agreement, it is concerned that when the Court is approving a settlement, that it is clear that the Settlement does not create a liability against ThinkEquity based upon a default by Kiromic on its payment obligation.

PAYKIN KRIEG & ADAMS, LLP
Attorneys for Defendant ThinkEquity LLC


By:  /s/ David Schrader_
        DAVID A. SCHRADER
2500 Westchester Ave., Ste 107
Purchase, New York 10577
(347) 879-2345
dschrader@pka-law.com

DATED: October 23, 2023