Case 1:22-cv-06690-JHR   Document 58-1   Filed 10/24/23   Page 1 of 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

THINKEQUITY LLC

          Plaintiff,

   -against-

KIROMIC BIOPHARMA, INC.,
MAURIZIO CHIRIVA-INTERNATI,
TONY TONTAT, GIANLUCA
ROTINO, PIETRO BERSANI,
AMERICO CICCHETTI, MICHAEL
NAGEL, and JERRY SCHNEIDER

          Defendant.

_____ _____

: Index No.
: Date Purchased
:
: SUMMONS
:
:
: Plaintiff designates New York
: County as a place for trial
:
:
: Basis of venue is CPLR Sections
: 501 and 503
:
:
:
:
:

.

## **TO THE ABOVE-NAMED DEFENDANTS**

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance upon plaintiff's attorneys within twenty (20) days after service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: December 3, 2022

**PAYKIN KRIEG & ADAMS LLP**
*Attorneys for Plaintiff*

By: *David Schrader*
      David A. Schrader
      2500 Westchester Ave. Ste 107
      Purchase, New York 10577
      Direct Phone: 347-879-2345
      dschrader@pka-law.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |  |
|---|---|---|
| THINKEQUITY LLC | : | Index No. |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| -against- | : |  |
|  | : |  |
| KIROMIC BIOPHARMA, INC., | : |  |
| MAURIZIO CHIRIVA-INTERNATI, | : |  |
| TONY TONTAT, GIANLUCA | : |  |
| ROTINO, PIETRO BERSANI, | : |  |
| AMERICO CICCHETTI, MICHAEL | : |  |
| NAGEL, and JERRY SCHNEIDER | : | COMPLAINT |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

.

Plaintiff ThinkEquity LLC, by its attorneys Paykin Krieg & Adams, LLP, for its complaint against defendants, alleges as follows:

**THE PARTIES**

1.      Plaintiff ThinkEquity LLC is a Delaware limited liability company with its principal place of business in New York, New York. ThinkEquity is successor to Fordham Financial Management Inc. which was converted to an LLC and changed its name to ThinkEquity ("ThinkEquity"). ThinkEquity was the underwriter of a public offering for defendant Kiromic Biopharma, Inc. (the "Offering"). The Offering closed on or about July 2, 2021 and the offering resulted in the sale of 8 million shares of Kiromic common stock at a price of $5/share for gross proceeds to Kiromic of $40 million.

2.      Defendant Kiromic BioPharma, Inc. ("Kiromic") is a Delaware corporation with its principal place of business in Houston, Texas. Kiromic's shares trade on the Nasdaq Capital Market

under the symbol "KRBP." Kiromic signed a Registration Statement through its Chief Executive Officer, Maurizio Chiriva-Internati in connection with the Offering.

3, Defendant Maurizio Chiriva-Internati served, at times relevant to the claims alleged in this Complaint, as Kiromic's Chief Executive Officer and signed the Registration Statement either personally or by attorney-in-fact.

4. Defendant Tony Tontat served, at times relevant to the claims alleged in this Complaint, as Kiromic's Chief Financial Officer and signed the Registration Statement either personally or by attorney-in-fact.

5. Defendant Gianluca Rotino served, at times relevant to the claims alleged in this Complaint, as Kiromic's Chief Strategy and Innovation Officer and signed the Registration Statement either personally or by attorney-in-fact.

6. Defendant Pietro Bersani served, at times relevant to the claims alleged in this Complaint, as one of Kiromic's Directors and signed the Registration Statement either personally or by attorney-in-fact.

7. Defendant Americo Cicchetti served, at times relevant to the claims alleged in this Complaint, as one of Kiromic's Directors and signed the Registration Statement either personally or by attorney-in-fact.

8, Defendant Michael Nagel served, at times relevant to the claims alleged in this Complaint, as one of Kiromic's Directors and signed the Registration Statement either personally or by attorney-in-fact.

-2-

Case 1:22-cv-06690-JHR    Document 58-1    Filed 10/24/23    Page 4 of 11

9.     Defendant Jerry Schneider served, at times relevant to the claims alleged in this Complaint, as one of Kiromic's Directors and signed the Registration Statement either personally or by attorney-in-fact.

10.    Maurizio Chiriva-Internati, Tony Tontat, Gianluca Rotino, Pietro Bersani, Americo Cicchetti, Michael Nagel, and Jerry Schneider are collectively referred to in this Complaint as "Individual Defendants."

## FIRST CAUSE OF ACTION AGAINST KIROMIC

11.    Plaintiff ThinkEquity was the underwriter of the Offering for defendant Kiromic.

12.    In connection with ThinkEquity's retention as underwriter, the parties entered into an Engagement Letter and an Underwriting Agreement.

13.    Pursuant to Section 5 of the Underwriting Agreement Dated June 2021 between Kiromic and ThinkEquity (the "Underwriting Agreement"), as well as, pursuant to Section 18 of the Engagement Letter between Kiromic and ThinkEquity (the "Engagement Letter"), Kiromic agreed to indemnify and hold harmless ThinkEquity from any claims or potential liabilities relating to the Underwriting ("Indemnity Legal Fees and Expenses").

14.    Pursuant to the Underwriting Agreement and Engagement Letter, Kiromic also agreed to pay for expenses incurred by ThinkEquity in connection with the underwriting and subsequent investment banking work, including legal fees incurred by ThinkEquity in connection with underwriting activity and subsequent investment banking work ("Underwriting Legal Fees and Expenses").

15.    The Indemnity Legal Fees and Expenses for which Kiromic is obligated to pay includes all attorneys' fees and defense costs incurred by ThinkEquity in connection with its

-3-

investigation and defense of any claims or actions asserted or threatened against ThinkEquity, as well as any investigation or defense of any regulatory claim against Kiromic or ThinkEquity relating to the underwriting.

16.     Pursuant to the Underwriting Agreement, Kiromic agreed to indemnify and advance legal fees incurred by ThinkEquity in connection with "defending against any litigation. . . whether arising out of any action between . . . any of the Underwriter Indemnified Parties and any third party, or otherwise) to which they or any of them may become subject under the Securities Act, the Exchange Act or any other statute or at common law . . . (a "Claim"), (i) arising out of or based upon any untrue statement or alleged untrue statement of a material fact contained in (A) the Registration Statement, the Pricing Disclosure Package, any Preliminary Prospectus, the Prospectus . . .; (B) any materials or information provided to investors by, or with the approval of, the Company in connection with the marketing of the Offering, including any "road show" or investor presentations made to investors by the Company (whether in person or electronically) . .

17.     Kiromic further agreed that it would advance payment of Expenses as they are incurred by an Underwriter Indemnified Party in investigating, preparing, pursuing or defending any Claim."  Additionally, as set forth in Section 5.1.2, ThinkEquity has the right to employ its own counsel and "the fees and expenses of such counsel shall be at the expense of the Company, and shall be advanced by the Company."

18.     After the Offering, there were allegations against Kiromic for failing to disclose material information in connection with the Offering disclosures.  The information which is

-4-

alleged not to have been disclosed was never provided to ThinkEquity in advance of the Offering and does not appear in the Offering disclosures.

19. A regulatory investigation was commenced against Kiromic and multiple lawsuits have been filed against Kiromic in which ThinkEquity has been named as an additional defendant. ThinkEquity's activities in investigating and defending these claims are events for which Kiromic is obligated to indemnify ThinkEquity.

20. These lawsuits allege disclosure failures by Kiromic in connection with the Offering and assert claims against ThinkEquity. These lawsuits include, but may not be limited to actions entitled: (a) *Sabby Volatility Warrant Master Fund Ltd. v. Kiromic Biopharma, Inc.*, United States District Court, S.D.N.Y., Docket No. 1:22-cv-01927 (the "Sabby Action"); (b) *Karp v. Kiromic Biopharma, Inc.*, United States District Court, S.D.N.Y., Docket No. 1:22-cv-06690; and (c) *Podmore v. Kiromic Biopharma, Inc.*, United States District Court, S.D.N.Y., Docket No. 22-cv-08433.

21. ThinkEquity has appeared in these actions and has been forced to incur legal expenses. The Sabby case has been settled but only after ThinkEquity expended legal fees in connection with the investigation and defense of the action. The other referenced actions are being consolidated and are still pending.

22. ThinkEquity has made multiple demands for indemnification of ongoing legal fees and Kiromic has refused and failed to honor these requests.

23. In connection with the Sabby Action, prior to its settlement, ThinkEquity asserted indemnity claims against Kiromic. As part of the settlement, ThinkEquity agreed to dismiss the

-5-

indemnity claims without prejudice and to reassert them in a new action. The indemnity claims are now being asserted in this action.

24.    Prior to the filing of this action, ThinkEquity again demanded that Kiromic satisfy its obligation to pay for legal fees being incurred by ThinkEquity in connection with defending legal claims. Kiromic again has failed to satisfy these obligations.

25.    ThinkEquity has specifically demanded for indemnity of, and an advance of, attorneys' fees in connection with the Sabby matter and in connection with the other actions still pending. ThinkEquity has also made demand for, and is entitled to, indemnification of legal fees to be incurred in connection with this action against Kiromic.

26.    Kiromic has acknowledged its obligation under the indemnity provisions but has failed and refused to make payment to ThinkEquity for amounts due, including defense costs.

27.    Kiromic has acted in bad faith in refusing to honor its indemnity obligations and has breached its contractual obligations resulting in damages to ThinkEquity.

28.    ThinkEquity is entitled to be indemnified against any liability asserted against ThinkEquity, as well as for legal fees being incurred in connection with the defense of these actions.

29.    In addition to the indemnity obligations addressed above, Kiromic is also obligated to pay to ThinkEquity attorneys' fees and expenses incurred by ThinkEquity in connection with the work performed on the Offering, as well as additional work performed, and legal fees incurred, in connection with additional investment banking work for Kiromic.

30.    Demand has been made for payment of this additional investment banking fees and the Underwriting Legal Fees and Expenses incurred.

-6-

31.     Kiromic has refused and failed to make payment of the investment banking fees and Underwriting Legal Fees and Expenses due and owing.

32.     Among other things, Kiromic owes ThinkEquity payment of Underwriting Legal Fees and Expenses in the amount of $134.160.

33.     Kiromic additionally owes ThinkEquity payment of $100,000 for Indemnity Legal Fees and Expenses.   The Indemnity Legal fees and Expenses will continue to accrue as ThinkEquity defends the pending lawsuits.

34.     Kiromic will also owe indemnity obligations for any liability which may be incurred by ThinkEquity in connection with settlement the pending lawsuits; from any regulatory action; and from any liability otherwise arising out of the lawsuits or other claims which may be asserted.

35.     Kiromic is also obligated to pay ThinkEquity's legal fees in connection with this lawsuit against Kiromic to enforce its indemnity obligations.

## SECOND CAUSER OF ACTION AGAINST KIROMIC AND THE INDIVIDUAL DEFENDANTS

36.     Plaintiff repeats and realleges paragraphs "1" through "35" of the Complaint above as if set forth herein at length.

37.     Plaintiff ThinkEquity suffered a loss, and continues to suffer a loss, based upon the conduct of defendants in connection with the Offering, including but not limited to any failure to make adequate disclosure in connection with the Offering.

38.     It is alleged in the various litigation complaints against Kiromic (which have named ThinkEquity) that Kiromic and the Individual Defendants failed to make disclosure of a Clinical Hold Notice received from the FDA relating to one of Kiromic's drug products, with such notice being received prior to the Offering.

-7-

39.     To the extent that any such notice was received by Kiromic or the Individual Defendants who were agents, officers or directors of Kiromic, it was not disclosed to ThinkEquity prior to the Offering, and as such, ThinkEquity proceeding with the Offering.  Had such a notice been disclosed, the Offering would not have continued absent supplemental disclosures regarding same.

40.     Upon information and belief, Kiromic was either negligent or committed fraudulent or intentional misconduct in failing to alert ThinkEquity about the receipt of any such Notice.

41.     Kiromic had a duty to notify ThinkEquity but did not do so.

41.     Upon information and belief, the Individual Defendants also had notice of any such notice and failed to make disclosure to ThinkEquity despite a duty to do so but did not do so.

42.     Kiromic and the Individual Defendants are liable to ThinkEquity as a matter of law for indemnity and contribution based upon common law for their wrongful conduct and any injury or defense cost incurred by ThinkEquity.

43.     ThinkEquity is entitled to judgment against Kiromic and the Individual Defendants for the amount of its loss, together with counsel fees and expenses incurred by ThinkEquity in the defense of this action and any additional actions filed against ThinkEquity.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST KIROMIC

44.     Plaintiff repeats and realleges paragraphs "1" through "43" of the Complaint above as if set forth herein at length.

45.     Pursuant to the Indemnity provision, Plaintiff is entitled to reimbursement of all legal expenses in connection with this action to enforce its indemnity rights.

46.     Plaintiff did retain counsel and has incurred counsel fees and expenses, and will incur

-8-

further counsel fees and expenses, the exact amount of which are at this time undetermined, in connection with the prosecution of this lawsuit.

47. By reason of the foregoing, and his agreement to indemnify Plaintiff, Kiromic has become obligated to pay to Plaintiff all counsel fees and expenses heretofore and hereafter incurred by it in the prosecution of this action.

WHEREFORE plaintiff demands judgment against defendants as follows:

(1) On the First Causes of Action herein, for compensatory damages, including indemnification of all (a) investigation and defense costs of the claims and lawsuits asserted against ThinkEquity (including attorneys' fees and expenses); (b) indemnification of potential and actual liabilities asserted against ThinkEquity; (c) for legal fees advanced to counsel to defend claims asserted or threatened against ThinkEquity and any regulatory actions or investigations; (d) legal fees and expenses in connection with the prosecution of this action; and

(ii) On the Second Causes of Action herein, for compensatory damages, including indemnification and contribution for all (a) investigation and defense costs of the claims and lawsuits asserted against ThinkEquity (including attorneys' fees and expenses); (b) indemnification of potential and actual liabilities asserted against ThinkEquity; (c) for legal fees advanced to counsel to defend claims asserted or threatened against ThinkEquity and any regulatory actions or investigations; (d) legal fees and expenses in connection with the prosecution of this action; and

(iii) On the Third Cause of Action herein, for counsel fees and expenses incurred by Plaintiff in connection with the prosecution of this lawsuit to enforce its indemnity rights, together with the costs and disbursements of this action.

(iv) For Punitive Damages in an amount to be determined by the Court on the First Cause

of action for intentional, willful, bad faith and malicious conduct.

Dated: December 3, 2022

              PAYKIN KRIEG & ADAMS LLP
              Counsel for Plaintiff


By: *David Schrader*
           David A. Schrader
           2500 Westchester Ave, Ste 107
           Purchase, New York 10577
           (347) 879-2345
           dschrader@pka-law.com

-10-