# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE KIROMIC BIOPHARMA INC., SECURITIES LITIGATION | Case No. 1:22-cv-06690 (JHR) |
| | **EXHIBIT [G]** |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on _____, 2024 to consider, among other things, the approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement, dated September 29, 2023 (the "Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment (the "Judgment").

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that**:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein. This Order further incorporates and makes a part hereof: (a) the Stipulation filed with the Court on __; and (b) the Notice, Summary Notice, Postcard Notice and Proof of Claim and Release Form, all of which were filed with the Court on ___. This includes, without limitation, the Releases set forth in paragraphs (hh), (ii) (jj) and (kk) of Section IV(1) of the Stipulation, together with the definitions contained in Section IV(1) of the Stipulation related thereto.

2.      This Court has jurisdiction over the subject matter of the Action, including all matters relating to the Settlement.  This determination is solely for purposes of the Settlement proceedings.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, solely for

1

purposes of effectuating the Settlement, a Settlement Class defined as: all persons and entities (other than Defendants) that purchased or otherwise acquired (a) Kiromic common stock pursuant and/or traceable to the Offering Documents (defined below) and/or (b) Kiromic common stock between June 25, 2021 and February 2, 2022, both dates inclusive, and subject to 15 U.S.C. § 78u-4(e)(1).

4.      Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of the Company at all relevant times; (iii) members of any Defendant's immediate families; (iv) any entity in which Defendants have or had a controlling interest or which is related to or affiliated with any of the Defendants; (v) the legal representatives, heirs, successors, and assigns of such excluded Persons; (vi) those who purchased or otherwise acquired Kiromic common stock on foreign exchanges, in accordance with the United States Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010); (vii) the plaintiffs in *Sabby Volatility Warrant Master Fund Ltd., et al. v. Kiromic Biopharma, Inc.*, No. 22-cv-1927(AT) (S.D.N.Y.), and any claims that may have been filed or consolidated therewith and (viii) any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

5.      Solely for purposes of the Settlement of this Action, the Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the Members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Settlement Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any

2

litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action) and finds that:

(a)    Said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class;

(b)    Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively;

(c)    There was no collusion in connection with the Stipulation;

(d)    The Settlement was the product of informed, arm's-length negotiations among competent, able counsel.

(e)    The relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(f)    The proposed Plan of Allocation treats Settlement Class Members equitably relative to each other; and

3

(g)    The record is sufficiently developed and complete to have enabled Lead Plaintiffs and Lead Counsel to have adequately evaluated and considered their positions.

6.    Accordingly, the Court authorizes and directs the implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Action and all claims asserted therein with prejudice.

7.    Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Class Members, on behalf of themselves, their successors and assigns, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims (including Unknown Claims) against the Released Parties to the fullest extent as provided in the Stipulation, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released. Nothing contained herein shall release or bar any Party from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

8.    Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Parties.

9.    Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all

4

Released Parties' Claims (including Unknown Claims) against the Lead Plaintiffs, each and all of the Settlement Class Members, and Lead Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released.

10.    The notice given to the Settlement Class (a) was implemented in accordance with the Preliminary Approval Order; (b) the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances to apprise the Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of expenses and Lead Plaintiffs' award; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Settlement Class are bound by this Judgment.

11.    The Court has considered any objections to the Settlement submitted under Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

12.    Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by Lead Plaintiffs and Kiromic at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Lead Plaintiffs, Kiromic and other Defendants (the "Settling Parties") are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

13.    The terms of this Stipulation and this Order shall be forever binding on the Settling Parties and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.]

14.    The Releases set forth in paragraphs (hh), (ii) (jj) and (kk) of Section IV(1) of the Stipulation, together with the definitions contained in Section IV(1) of the Stipulation

relating thereto, are expressly incorporated here in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a. Without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacitates as such, shall be deemed to have, and by operation of law and this Order shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against the Released Parties, and shall forever be barred, enjoined, and estopped from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any or all of the Released Claims, in any capacity, against any of the Released Parties.

b. Without further action by anyone, upon the Effective Date of the Settlement, the Released Parties, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged each and every Settled Defendants' Claims and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Settled Defendants' Claims against any of the Releasing Plaintiffs Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

c. Notwithstanding paragraphs 14(a) – (b) above, nothing in this Order shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Order, or any other written agreement between or among the Parties.

7

15.     Upon the Effective Date of the Settlement, the Court hereby permanently bars, enjoins, extinguishes, and discharges to the fullest extent permitted by law: (a) any and all claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that a person's or entity's alleged liability to Lead Plaintiffs or any Settlement Class Member) among or against the Released Parties arising out of or related to the claims or allegations asserted in the Action, and (b) any other claim of any type, whether arising under statute, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Lead Plaintiffs and/or members of the Settlement Class. For the avoidance of doubt, this paragraph 15 shall in no way waive, release, or otherwise affect any rights ThinkEquity may have to seek from Kiromic reimbursement for attorneys' fees and costs related to defending this Action outstanding as of the Effective Date of the Settlement or any defenses that Kiromic may have with respect to such assertions.

16.     Any final verdict or judgment obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order (set forth in paragraph 15, above) shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Released Parties to the Settlement Class or Settlement Class Member for common damages.

17.     The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

18.     Neither this Order, the Stipulation (whether or not consummated), including any exhibits thereto and the Plan of Allocation (or any other plan of allocation that may be approved

8

by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.      shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.      shall be offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Releasing Plaintiff Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c.      shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Settling Parties and their respective counsel may refer to this Order and the Stipulation to

9

effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement; or

d.      shall be used or offered in any proceeding for any purpose, except to enforce the terms of the Stipulation, this Order, or any other agreement pursuant to the Settlement, provided, however, that the Released Parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.      The Court finds that Kiromic and/or the other Defendants will have satisfied their financial obligations under the Stipulation by paying or causing to be paid Two Million Three Hundred Thousand dollars ($2,300,000) to the Settlement Fund, in accordance with ¶ 2(a) of the Stipulation.

20.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

21.      Separate order(s) shall be entered regarding the approval of the Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses. Such order(s) shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement.  The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

22.     The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim and Release Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

23.     Without further order of the Court, the Lead Plaintiffs and Kiromic may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation. Lead Plaintiffs and Kiromic are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

24.     This Action and all Released Claims as to all Released Parties are dismissed with prejudice as provided under the Stipulation. The Settling Parties are to bear their own costs, except as otherwise agreed to in writing by the Lead Plaintiffs and Kiromic or as otherwise provided in the Stipulation or this Judgment.

25.     The Court directs entry of this Judgment by the Clerk of the Court.


**IT IS SO ORDERED**


DATED: _____, 2024        _____
                                THE HONORABLE JENNIFER H. REARDEN
                                UNITED STATES DISTRICT JUDGE


11

Exhibit 1

[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]