IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE KIROMIC BIOPHARMA INC., SECURITIES LITIGATION | Lead Case No. 1:22-cv-06690 (JHR) |

**DECLARATION OF THOMAS J. McKENNA IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, THOMAS J. McKENNA, declare as follows:

1. I, Thomas J. McKenna, am a member of the law firm of Gainey McKenna & Egleston ("GM&E"), counsel for Ronald H. Karp, Ari Karp, and Ethan Karp ("Plaintiffs") in the above-captioned class action (the "Action").[1]

2. I submit this declaration in support of Plaintiffs' Expedited Motion for Preliminary Approval of Class Action Settlement. The proposed Settlement includes a non-reversionary payment of $1,225,000.00 to benefit the Settlement Class and if approved, will fully resolve this Action.

3. As Class Counsel, I have overseen all material aspects of the litigation of the Action. In addition, I was involved in the negotiation of the terms of the Settlement, which is fully supported by Plaintiffs. Accordingly, I have personal knowledge of the following facts and if called upon to testify, could and would testify competently thereto.

## BACKGROUND OF THE ACTION

### Factual Background

4. The Action arises from allegations that defendants Maurizio Chiriva Internati, Tony Tontat, Gianluca Rotino, Pietro Bersani, Americo Cicchetti, Michael Nagel, Jerry Schneider, Kiromic Biopharma, Inc. ("Kiromic" or the "Company") (collectively, the "Kiromic

---

[1] Unless otherwise noted, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Class Action Settlement ("Stipulation" or "Stip."), attached as Exhibit 1 hereto.

Defendants"), and ThinkEquity LLC ("ThinkEquity," together with the Kiromic Defendants, "Defendants"), violated the Securities Act of 1933 and the Securities Exchange Act of 1934 in making, or allowing to be made, false and/or misleading statements and material omissions in the Company's June 5, 2021 Registration Statement and June 29, 2021 Final Prospectus (together, "Offering Documents") and in other public statements. Among other things, Plaintiffs alleged that the Defendants (i) failed to disclose that the FDA had imposed a clinical hold in their Offering Documents; and (ii) in fact published statements in the Offering Documents and in other public statements indicating that the FDA had not imposed a clinical hold, which ultimately caused the Company's share price to fall, causing damage to Plaintiffs and Settlement Class Members.

**<u>Procedural Background and Settlement Negotiations</u>**

5. On August 5, 2022, Plaintiff Ronald Karp filed a complaint on behalf of himself and a putative class against Defendants Maurizio Chiriva Internati, Tony Tontat, Gianluca Rotino, Pietro Bersani, Americo Cicchetti, Michael Nagel, Jerry Schneider, Kiromic (collectively, the "Kiromic Defendants"), and ThinkEquity LLC ("ThinkEquity," together with the Kiromic Defendants, "Defendants") alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 in the Southern District of New York. *See* No. 22 Civ. 6690, Dkt. No. 1 ("Karp Action").

6. On October 3, 2022, Joseph Podmore also filed a complaint on behalf of himself and a putative class against Defendants alleging substantially similar violations of the securities laws as Ronald Karp. *See* No. 22 Civ. 8433, Dkt. No. 1 ("Podmore Action").

7. Then, on October 4, 2022, both Plaintiffs and Joseph Podmore filed competing motions to consolidate the cases, to be appointed as Lead Plaintiff, and for approval of their selection of Lead Counsel. *See* No. 22 Civ. 6690, Dkt. No. 8 and 12. Shortly thereafter on October 18, 2022, Plaintiffs filed a Response to Joseph Podmore's Motion, *See Id.* at Dkt. No.

22, and Joseph Podmore filed a notice of non-opposition to Plaintiffs' Motion. *See Id*. at Dkt. No. 23.

8. Following this, on October 27, 2022, United States District Judge Victor Marrero ordered the consolidation of the Karp Action and the Podmore Action and assigned the caption *In re Kiromic Biopharma Inc. Securities Litigation*, No. 1:22-cv-6690 to the Action. Judge Marrero further ordered Ronald Karp along with Ari Karp and Ethan Karp to serve as Lead Plaintiffs in the action and appointed Gainey McKenna & Egleston ("GM&E" or "Class Counsel") as Lead Counsel. *See Id*. at Dkt. No. 31. Plaintiffs then filed a Consolidated Complaint in this Action on December 21, 2022. *Id*. at Dkt. No. 37.

9. On February 6, 2023, certain Defendants and Plaintiffs entered into a stipulation adjourning all case deadlines for a 45-day Adjournment Period, during which the Parties engaged in settlement discussions. The Parties made progress during that period and certain Defendants and Plaintiffs agreed to extend the Adjournment Period on March 20, 2023, and once again on May 4, 2023, in order to engage in further settlement discussions. Both of these agreements were so-ordered by this Court on April 5, 2023 and May 5, 2023, respectively. *See Id*. at Dkt. Nos. 48 and 50.

10. On August 7, 2023, following extensive settlement discussions, Plaintiffs, through their counsel, wrote to this Court on behalf of the Parties to inform the Court that the Parties had reached a global settlement in principle of the Action. This Court then stayed the proceedings and ordered on August 8, 2023 that the Parties submit the necessary papers seeking preliminary approval of the proposed settlement by September 22, 2023. *See Id*. at Dkt. No. 52. That deadline was extended to September 29, 2023 (ECF No. 54), which is when Plaintiffs submitted a motion for preliminary approval of settlement. ECF Nos. 55-57, 59. Following this, Kiromic and its insurers paid the originally agreed upon settlement amount into an escrow account, for which the final payment was made on or around June 1, 2024. *See* ECF No. 62.

11. More than a year and a half after Plaintiffs submitted their motion for preliminary approval of the settlement, and following no ruling by the Court on that motion, on March 21, 2025, Kiromic filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code in the U.S. Bankruptcy Court for the District of Delaware. Following this, on April 29, 2025, Jeoffrey L. Burtch (the "Trustee") filed a Suggestion of Bankruptcy in this Court. As a result, on May 29, 2025, the District Court ordered that the Action be stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362. As a result of Kiromic's bankruptcy filing, there was a dispute as to effect of the bankruptcy on the proposed settlement in this Action, and the funds previously paid into escrow.

12. During the resulting passage of time, counsel for the Individual Defendants and the Plaintiffs engaged in good faith efforts to resolve this matter. After months of arm's-length negotiations between counsel for Plaintiffs and the Individual Defendants, as well as counsel for the Trustee and Kiromic's insurer, those parties reached a resolution to preserve a settlement in this Action as between Plaintiffs and the Individual Defendants, releasing any claims against all the Kiromic Defendants, with any claims against Kiromic being voluntarily dismissed.

13. Plaintiffs' claims against defendant ThinkEquity will not be released or dismissed by this Stipulation or Settlement; Plaintiffs intend to pursue their claims against ThinkEquity.

## THE SETTLEMENT

14. Plaintiffs and Class Counsel were well-informed regarding the strengths and weaknesses of Plaintiffs' claims before reaching the Settlement. At all times while negotiating and executing the proposed Settlement with the Kiromic Defendants, Class Counsel were each experienced in prosecuting class action cases, particularly securities actions. *See* Exhibit 2. In addition, at all times the Kiromic Defendants were represented by skilled counsel.

15. The Settlement involves a structure and terms that are common in class action settlements, including an agreement (the "*In Camera* Supplement"), filed concurrently with the preliminary approval motion, that provides the Individual Defendants with a right to terminate the Settlement under certain conditions before final approval. Stip., ¶ 4(b).

16. Based on information and belief, there are tens of thousands of geographically dispersed persons believed to fall within the Settlement Class definition.

**The Settlement Class**

17. The Settlement Class is defined as follows:

> all persons and entities (other than the Defendants (as defined *supra*)) that purchased or otherwise acquired (a) Kiromic common stock pursuant and/or traceable to the Offering Documents (defined herein) and/or (b) Kiromic common stock between June 25, 2021 and February 2, 2022, both dates inclusive.[2]

*See* Stip., ¶ 1(pp).

**The Plan of Allocation**

18. The Net Settlement Fund will be distributed first by subtracting any Court-approved disbursements. Stip., ¶ 5(b).

19. After that, the Claims Administrator will calculate the recognized losses of each Authorized Claimant who timely submits a Proof of Claim Form and Plaintiffs will thereafter request the Court to approve the distribution of the Net Settlement Fund to Authorized

[2] Excluded from the Settlement Class are: (i) the Defendants; (ii) the officers and directors of the Company at all relevant times; (iii) members of any Individual Defendant's immediate families; (iv) any entity in which any of the Defendants have or had a controlling interest or which is related to or affiliated with any of the Defendants; (v) the legal representatives, heirs, successors, and assigns of such excluded Persons; (vi) those who purchased or otherwise acquired Kiromic common stock on foreign exchanges, in accordance with the United States Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010); (vii) the plaintiffs in *Sabby Volatility Warrant Master Fund Ltd., et al. v. Kiromic Biopharma, Inc.*, No. 22-cv-1927(AT) (S.D.N.Y.), and any claims that were or could have been filed or consolidated therewith and (viii) any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

Claimants pursuant to the proposed Plan of Allocation, attached to the Stipulation as Exhibit F. Stip., ¶ 5(o).

20. Any undistributed funds from the Net Settlement Fund that remain after the initial distribution period is completed will be reallocated to Settlement Class Members who cashed their Distribution check and who would receive at least $10.00 from such re-distribution, so long as it is economically feasible in the opinion of Class Counsel. Stip., ¶ 5(p).

21. Any funds that cannot be reallocated will be distributed as a *cy pres* award to a public interest organization with a mission germane to the subject matter of this lawsuit as agreed upon by the Parties and approved by the Court, as necessary. Stip., ¶ 5(p).

**Attorneys' Fees**

22. Class Counsel will seek no more than one-third of the Settlement Fund in attorneys' fees, which may be paid from the Settlement Fund following the Effective Date, consistent with other class action settlements approved in this District. Stip., ¶ 6(a). Class Counsel will also seek their reasonably incurred litigation expenses. *Id*.

**The Notice Plan**

23. The proposed Settlement Administrator, Strategic Claims Services ("SCS"), liaised with Class Counsel regarding the Notice Plan. *See* Stip., Exs. B-D. The Individual Defendants have also reviewed the Notice Plan and have no objection to it.

24. The proposed Notice Plan and related forms of notice (*see* Stip., Exs. B-D) are reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

25. The Postcard Notice will be mailed by First-Class Mail to all Class Members who can be identified within a reasonable effort. For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

26. In addition, the Summary Notice, Exhibit C to the Stipulation, will be published online in *Investor's Business Daily* and released via press release on a nation-wide press release service.

27. The Claims Administrator shall also cause the long form Notice, the Stipulation and its accompanying exhibits, the Preliminary Approval Order, and a copy of the Summary Notice and Postcard Notice to be posted on the Claims Administrator's website.

28. The proposed Notice provides detailed information concerning (a) the rights of Settlement Class Members, including the manner in which objections could be lodged; (b) the nature, history, and progress of the Action; (c) the proposed Settlement; (d) the process for filing a Proof of Claim; (e) a description of the proposed Plan of Allocation; (f) the fees and expenses to be sought by Class Counsel; and (g) the necessary information for any Settlement Class Member to examine the Court records should they desire to do so.

29. The Notice Plan and settlement administration costs incurred by SCS will be paid out of the Settlement Fund.

30. Attached hereto as **Exhibit 1** is a true and correct copy of the Stipulation and Agreement of Class Action Settlement dated March 5, 2026.

a. Attached to the Settlement Agreement as **Exhibit A** is a true and correct copy of the [Proposed] Preliminary Approval Order that Plaintiff requests be entered by the Court.

b. Attached to the Settlement Agreement as **Exhibit B** is a true and correct copy of the the Long Form Notice.

c. Attached to the Settlement Agreement as **Exhibit C** is a true and correct copy of the Summary Notice.

d. Attached to the Settlement Agreement as **Exhibit D** is a true and correct copy of the Postcard Notice.

e. Attached to the Settlement Agreement as **Exhibit E** is a true and correct copy of the Proof of Claim Form.

f. Attached to the Settlement Agreement as **Exhibit F** is a true and correct copy of the Plan of Allocation.

g. Attached to the Settlement Agreement as **Exhibit G** is a true and correct copy of the [Proposed] Final Approval Order and Judgment to be entered by the Court that would dismiss the above-captioned Action pursuant to the Settlement.

h. Attached to the Settlement Agreement as **Exhibit H** is a true and correct copy of the Escrow Agreement.

31. Attached hereto as **Exhibit 2** is a true and correct copy of the firm résumé of Gainey McKenna & Egleston.

32. Attached hereto as **Exhibit 3** is a true and correct copy of Order Granting Chapter 7 Trustee's Motion's for Entry of an Order Approving Settlement Regarding the Securities Litigation Escrow in the bankruptcy case captioned *In re Kiromic Biopharma, Inc.*, Case No. 25-10552-MFW (Bankr. D. Del.).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: May 18, 2026
New York, New York

*/s/ Thomas J. McKenna*
Thomas J. McKenna