# GAINEY McKENNA & EGLESTON

**ATTORNEYS AT LAW**

www.gme-law.com

260 MADISON AVENUE
22nd FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 983-1300
FAX: (212) 983-0383

375 ABBOTT ROAD
PARAMUS, NEW JERSEY 07652
TEL: (201) 225-9001
FAX: (201) 225-9002

Please Reply To The New York
Address

May 20, 2026

*For the reasons stated herein, the Court grants the Parties' request. The In Camera Supplement, ECF No. 81, shall be maintained under seal such that viewing is limited to court users and the Parties (as defined herein).*

*The Clerk of Court is directed to terminate ECF No. 80.*

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

*SO ORDERED.*

*Jennifer H. Rearden, U.S.D.J.*
*Dated: May 21, 2026*

> Re:    ***In re Kiromic Biopharma, Inc.,***
>        **Case No. 1:22-cv-06690-JHR (S.D.N.Y.)**

Dear Judge Rearden:

Lead Plaintiffs Ronald H. Karp, Ari Karp, and Ethan Karp (collectively, "Lead Plaintiffs"), and Defendants Pietro Bersani, Michael Nagel, and Maurizio Chiriva Internati ("Individual Defendants together, the "Parties") submit this Joint Letter requesting that the Court seal the *In Camera* Supplement, submitted herewith, which supplements the Stipulation of Settlement, in accordance with Section 6 of the S.D.N.Y. ECF Rules & Instructions, and this Court's Individual Practices.

Pursuant to the terms of the Stipulation of Settlement, the *In Camera* Supplement is a confidential agreement between the Parties which permits the Individual Defendants to terminate the Settlement under certain specified terms and conditions related to the number of Settlement Class Members who may opt-out (*i.e.*, a "blow-up provision"). The Parties each agree that the *In Camera* Supplement should be sealed and that sealing is "necessary to preserve higher values," *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006), namely to protect the Settlement and prevent any individuals from attempting to vitiate the Settlement. *See also* Manual for Complex Litigation (Fourth) § 21.631 (2004) (explaining that "[k]nowledge of the specific [conditions] that will vitiate a settlement might encourage third parties to solicit class members to opt-out. ***A common practice is to receive information about such agreements in camera.***") (emphasis added); 4 Newberg and Rubenstein on Class Actions § 13:6 (6th ed.) ("Sometimes, however, the agreement will not specify, or disclose, the precise level that triggers the defendant's withdrawal right. This may work to dissuade attorneys (typically those involved in competing class actions) from attempting to organize an opt-out campaign").

To be approved, any sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See Lugosch,* 435 F.3d at 119–20. Although there

*Hon. Jennifer H. Rearden, U.S.D.J.*
*May 20, 2026*
*Page 2*

is a common law presumption of access that attaches to all "judicial documents," *id.* at 119, numerous courts throughout the country have permitted "blow-up provision" documents to remain confidential and to be filed under seal given the risk that public disclosure of the opt-out threshold could result in a coordinated mass opt-out campaign. This risk constitutes a "'countervailing factor[]' . . . or 'higher value[]'" sufficient to warrant that the "documents [ ] be kept under seal." *Id.* at 124; *see also In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250, n.4 (11th Cir. 2009) ("The threshold number of opt outs required to trigger the blow provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out."); *In re LIBOR-based Fin. Instruments Antitrust Litig.*, No. 11-md-2262, ECF Nos. 2223, 2454 (S.D.N.Y. Mar. 2, 2020) (court granted plaintiffs' request to file the supplemental agreement under seal); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2015 WL 1486709, at *2 (E.D. Tenn. 2015) (granting end payor plaintiffs' motion to seal opt-out threshold and agreeing with their argument that "[p]otential opt-outs may exploit this type of provision by demanding undue compensation for not scuttling the settlement"); *In re Lyft Inc. Sec. Litig.*, 2023 WL 2960006, at *2 (N.D. Cal. 2023) ("As courts have recognized, the threshold should be kept confidential to discourage third parties with ulterior motives from soliciting class members to opt out."); *Friedman v. Guthy-Renker, LLC*, 2016 WL 5402170, at *2 (C.D. Cal. 2016) ("Publicly disclosing the opt-out threshold would practically invite professional objectors to threaten the settlement by soliciting opt-outs.") (citing *In re HealthSouth Corp. Sec. Litig.*); *New York State Teachers' Retirement System v. General Motors Co.*, 315 F.R.D. 226, 240, Fed. Sec. L. Rep. (CCH) P 99096 (E.D. Mich. 2016), *aff'd*, 2017 WL 6398014 (6th Cir. 2017) ("The opt-out threshold 'is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out.'").

Accordingly, the Parties respectfully submit that the *In Camera* Supplement identifying the number of opt-outs that trigger the Individual Defendants' right to terminate the Settlement be filed under seal.

Respectfully submitted,

/s/ Thomas J. McKenna
Thomas J. McKenna

*Counsel for Lead Plaintiffs*

/s/ Evan W. Bolla
Evan W. Bolla

*Counsel for Defendants Nagel and Bersani*

/s/ George S. Wang
George S. Wang

*Counsel for Defendant Chirivia-Internati*

cc:    All Counsel of Record (*via* ECF)